## 9889

### STEELE v. ATLANTIC COAST LINE R. CO. *ET AL.*

(95 S. E. 180.)

APPEAL AND ERROR — SUBSEQUENT APPEAL—QUESTIONS PRECLUDED.— Exceptions to insufficiency of evidence fully considered on a former appeal will not be considered in a subsequent appeal, where the evidence is practically the same and to consider exceptions would require a reprint of the former opinion.

Before SMITH, J., Florence,, Fall term, 1916. Affirmed.

Action by W. M. Steele against the Atlantic Coast Line Railroad Company and another. From the judgment rendered, defendants appeal.

*Mr. F. L. Willcox,* for appellant, submits: *There was no evidence of a failure to furnish suitable appliances:* 105 S. C. 102; 226 U. S. 439. *As to the assumption of risks:* 223 U. S. 503; 58 L. Ed. 1070; 191 U. S. 64; 48 L. Ed. 96; 161 U. S. 451. *There is no connection shown between the alleged defect in the coupling and the accident on account of which plaintiff was injured:* 229 U. S. 265; 37 L. Ed. 1179; 77 S. C. 328.

*Messrs. J. W. Ragsdale* and *Whiting & Baker,* for respondents, cite: *As to duty of interstate carriers to provide their cars with automatic couplers and to maintain them in proper condition at all times and under all circumstances:* 55 L. Ed. 588. *As to refusal of motion by defendant for directed verdict:* 103 S. C. 115.

January 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case has been before this Court once before, and will be found in 103 S. C., at page 102. In that case, on page 112, this Court said: "The case is brought here on exceptions, assigning error in the refusal of the motion for nonsuit and direction of the verdict, in the charge and refusal to charge one of defendant's requests and in the refusal of a motion for a new trial, based on the ground that the verdict is excessive."

All the exceptions in this appeal refer to the insufficiency of the evidence. These questions are so fully considered in the former appeal, that it is unnecessary to consider them again. The testimony is practically the same, and to consider the exceptions in detail, would require a reprint of the former opinion.

The judgment is affirmed.