### 13843

### CANTRELL v. CLAUSSEN'S BAKERY

(174 S. E., 438)

Before Whaley, J., County Court, Richland, February, 1933.

*Messrs. Thomas, Lumpkin & Cain* and *Alan Johnstone, Jr.,* for appellants,

*Messrs. Cooper & Maher* and *C. T. Graydon,* for respondent,

May 4, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The respondent, Cantrell, an employee of Taylor's Bakery, was engaged in the business of selling products of his employer, bread, cakes, etc., and operated an automobile truck for the purpose of making sales and deliveries. The appellant, Emerson, was engaged in a similar service for his co-defendant, Claussen's Bakery. Both bakeries sold bread to the store of Mr. Ott, which was placed upon a common rack in the store for display purposes.

The appellant, Emerson, on a certain day, discovered, as he claimed, that some of the Claussen bread, left by him in Ott's store, had been "thumbed"; that is, that the paper wrapping thereon had been broken and the bread indented by the finger or thumb of some person, making it unsalable. He took up the bread, placed it in the Claussen truck, which he was operating, and, evidently, sought out the respondent, whom he suspected was guilty of the damage to his employer's bread. He stopped the truck he was operating near where he saw the truck operated by Cantrell was parked. Cantrell came out of a store, where he had gone to deliver bread. Emerson

called him across the street. He was asked by Emerson if he "worked Ott's store, and he replied in the affirmative. Thereupon, according to Emerson's testimony, he showed the damaged bread to Cantrell and asked if he had "punched the bread," and Cantrell replied in the negative. Emerson further testified: "I believe you did punch the bread. It looks to me like you did punch it and you are a d— liar if you say you didn't punch it. He said what are you going to do about it, and at that time I slapped him."

The respondent testified that when he was charged by Emerson with having injured the Claussen bread, he informed the accuser that he had not done so, and, without anything else occurring, he was assaulted, and severely beaten and bruised, and was knocked down to the pavement by Emerson.

The respondent sued Emerson and his employer, Claussen's Bakery, for damages, because of the alleged unlawful, wrongful, and willful assault and battery, and for the alleged wrongful and false charge that he had "thumbed" the bread of Claussen's Bakery. The case, tried in the County Court of Richland County before his Honor, Judge Whaley, resulted in a verdict and judgment in favor of the respondent against both of the appellants in the sum of $1,000.00 actual damages.

In the appeal, there are seven exceptions on the part of the appellant, Claussen's Bakery, and four exceptions on the part of the appellant, Emerson. Counsel for the appellants, however, say in their brief that all of these exceptions raise but three questions, one relating especially to Claussen's Bakery, and the other two to both the appellants.

In the first question submitted for our determination, it is claimed that the trial Judge committed error in not granting the motion of the appellant, Claussen's Bakery, for a nonsuit, and a motion for a directed verdict in favor of that appellant, on the ground that the evidence showed that the alleged assault and battery, committed by

Emerson, was without the actual scope of his authority as agent for Claussen's Bakery.

It is our opinion that both motions were properly refused. The answer of the defendants admitted that Emerson was an employee of Claussen's Bakery, for the purpose of selling and delivering products of that corporation. Emerson testified that his duties required him "to take charge of the Columbia-Sumter route and drive the truck over there and sell bread, and try to get new business and try to increase the old bread sales." He was paid a regular salary and also received commissions. At the time of the alleged assault and battery upon the respondent, he was engaged, as the evidence discloses, in operating the truck of his employer, for the purpose of the business in which his employer was engaged; it was his duty to take up the damaged bread; and from his testimony, it was his duty to protect the business and property of his employer.

In overruling the motion for nonsuit, the trial Judge summed up the testimony very properly with a statement to the effect that there was evidence to show that Emerson "was Claussen's Bakery on wheels."

The appellant, Claussen's Bakery, to sustain its position, depends very much upon the decision of this Court in the case of *Simmons v. Okeetee Club,* 86 S. C., 73, 68 S. E., 131, 132. Thomas, an agent and employee of Okeetee Club, shot the plaintiff, Simmons. The difficulty grew out of the cutting of a fence of the Okeetee Club by the plaintiff. The shooting of the plaintiff occurred a little while later, and when the plaintiff "was not then attempting to injure the fence. The act of destroying the fence was then completely executed." This Court said: "If the testimony had shown that the shooting took place while the work of destruction was *in fieri,* the nonsuit would have been improper. But we fail to see what relation the shooting had to the protection of the property, as it could not be successfully contended that it would prevent the plaintiff in future from cutting the fence.

Under such circumstances the Court cannot hold that there was testimony tending to show that the shooting was within the implied authority of the agent."

We do not think the present case is ruled by the *Simmons case*. The alleged damaged bread of Claussen's Bakery, taken up by Emerson, was in Claussen's truck, operated by Emerson at the time the later made the accusation against the respondent. Emerson was not only in charge of the property of his employer at the time of the assault and battery he committed, but he was seeking to protect the property of the employer, and he was endeavoring, according to his own testimony, to protect the business of his employer.

In the later case of *Matheson v. American Telephone & Telegraph Company*, 137 S. C., 227, 135 S. E., 306, 310, which we think is controlling here, we reviewed the *Simmons case*. We said of its holding: "In that case, there was no testimony showing that at the time of the shooting the agent was then and there acting for his principal. The clear intimation is that, had there been any testimony to show that the agent ·was at the time and place acting for the principal, the nonsuit would have been improper."

Also, in the *Matheson case*, we quoted with approval certain principles announced in 39 C. J., 1283, 1284, to the following effect: If the servant is doing some act in furtherance of the master's business, he will be regarded as acting within the scope of his employment, although he may exceed his authority. If there is doubt as to whether or not the servant, in injuring a third person, was acting at the time within the scope of his authority, the doubt will be resolved against the master, at least to the extent of requiring the question to be submitted to the jury for determination.

In the second question, it is urged that the trial Judge erred, when charging the jury, in his interpretation of the issues, and, in that connection, it is said he charged on the facts.

The first particular complaint is that the jury were incorrectly told that the defendant, Emerson, in his answer, "admits that he was acting for Claussen's Bakery in order to protect the route," when the answer made no such admission. Counsel for the appellants have overlooked the fact that, while the Judge did make that statement, he immediately proceeded to qualify it by saying this: "That is, he was employed to go over that route. He doesn't admit that he was acting in the scope of employment for Claussen's Bakery. There is no admission as to that. You gentlemen have to decide that." Furthermore, all through the charge, the jury were repeatedly instructed that before Claussen's Bakery could be held liable for the alleged assault and battery by Emerson, the jury would have to believe from the evidence that at the time of the commission of the assault and battery, Emerson was acting within the scope of his agency for the employer. If counsel for the appellants thought there was a misstatement of the issues, it was his duty to call the attention of the Court to such mistake, and this was not done, although, at the conclusion of the charge, the counsel was given the opportunity to do so.

Regarding the assertion, on the part of the appellants, that the Judge erroneously, and in violation of the rule that he should not charge on the facts, instructed the jury to the effect that the striking of the respondent by the appellant, Emerson, as a matter of law, constituted an assault and battery, we think all the evidence in the case showed conclusively the fact that Emerson did commit an assault and battery, under the law. He frankly admitted it in the testimony he gave. The only attempt for justification of his act, as he termed it, of "slapping" the respondent, was that the respondent invited him to do so when he asked, "what are you going to do about it?" The question of the respondent, even if he asked it, did not, under the law, give Emerson the right to slap or strike the respondent. The striking or slapping was clearly unlawful, the testimony estab-

lished it conclusively, and there was no error on the part of the Judge in so stating to the jury.

In the third question, it is contended that there was an abuse of discretion on the part of the trial Judge in refusing to order a reduction in the amount of the verdict. We cannot agree with that view. In his order refusing a new trial, and declining to reduce the amount of the verdict, Judge Whaley pointed out that the respondent suffered injuries to his face, jaw, and teeth; that he had been struck down on a busy street of the City of Columbia, in the view of several persons; and that he had been publicly charged with "thumbing" the bread of his employer's competitor, "which practice was described by the defendant, Emerson, as a dirty and underhanded practice." If to the appellants the verdict for actual damages appeared to have been excessive, they should remember that the jury, under the instructions of the Judge, might have returned a verdict for punitive damages, which they did not do.

Finding no error of law, the judgment, appealed from, is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.