0641

Parnell CRITTENDEN, Respondent v. The THOMPSON-WALKER COMPANY, INC., Appellant.

(341 S. E. (2d) 385)

Court of Appeals

*Pledger M. Bishop, Jr.,* of *Buist, Moore, Smythe & McGee,* Charleston, *for appellant.*

*John H. Douglas,* of *Douglas & Douglas* and *Gedney M. Howe, III,* Charleston, *for respondent.*

Heard Nov. 13, 1985.

Decided Feb. 21, 1986.

BELL, Judge:

Parnell Crittenden, Jr., commenced this action against the Thompson-Walker Company, Inc., for injuries resulting from an assault and battery by Bobby Welch, an employee of Thompson-Walker. The circuit court entered judgment against Thompson-Walker on a jury verdict of $75,000 actual damages. Thompson-Walker appeals. We affirm.

In January 1981, Crittenden contracted with Thompson-Walker to renovate a building he was leasing as a place of business for a retail store. Thompson-Walker worked on the building until February 27, 1981. Several days prior to completion of the renovation, Thompson-Walker sent Crittenden a final approximate statement for the work. On February 26, 1981, Crittenden and his father came from their home in Wilmington, North Carolina, to Charleston and conferred with William B. Thompson, the president of Thompson-Walker, concerning the final bill for the work. No payment was made at the conclusion of that meeting. The next day, Thompson called Crittenden at the store to inquire about payment. Crittenden stated the bill would not be paid that day and without further explanation, told Thompson to discuss the matter with Crittenden's attorney.

Shortly thereafter, Thompson went to Crittenden's store to pursue the matter. Before leaving his office, he told Bobby Welch, the job foreman for the Crittenden contract, that Crittenden was not going to pay the final bill and that the work was at an end. Thompson then left alone in his car to go to Crittenden's store. When he arrived, Thompson went to a small office in the rear of the store where he discussed the matter with Crittenden and his father. During the course of the discussion, Welch entered the store with several workmen. Welch testified he had come to tell a painter to cease work on the building. He claimed he brought his men to collect tools which had been left at the store. However, upon arriving at the store, he went immediately to the rear office and, in the presence of Thompson, severely beat Crittenden until the latter agreed to pay the bill. Crittenden suffered bruises about his body and permanent injury to his left eye and cheek. As a result, he was hospitalized for six days, underwent surgery, and still experiences double vision and numbness in his face.

Crittenden's complaint stated three causes of action against Thompson-Walker: (1) that Thompson-Walker is vicariously liable for the acts of its servant, Welch, who was acting within the course and scope of his employment when the beating occurred; (2) that Thompson-Walker is vicariously liable for the acts of its president, Thompson, who aided and abetted Welch in the assault; and (3) that Thompson-Walker is liable for negligence in hiring Welch and in failing to supervise him prior to and during the assault. The circuit judge struck the claim for negligent hiring, but permitted the case to go to the jury on the remaining theories, including negligent supervision. As there is sufficient evidence to support the verdict on the first cause of action, we find it unnecessary to consider Thompson-Walker's exceptions relating to the second and third causes of action. *See Anderson v. West,* 270 S. C. 184, 241 S. E. (2d) 551 (1978); *Gold Kist, Inc. v. Citizens & Southern National Bank of South Carolina,* 286 S. C. 272, 333 S. E. (2d) 67 (Ct. App. 1985).

## I.

Thompson-Walker claims the evidence conclusively establishes that Welch acted outside the scope of his employment

when he assaulted Crittenden. It appears this argument rests on a misunderstanding of the applicable rule of law.

Thompson-Walker relies on Section 228(1), Restatement (Second) of Agency to support its position. That section provides:

> Conduct of a servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;
>
> (b) it occurs substantially within the authorized time and space limits;
>
> (c) it is actuated, at least in part, by a purpose to serve the master, and
>
> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

Applying the Restatement test, Thompson-Walker contends Welch was not employed to collect the company's debts, but to supervise construction. Moreover, it argues, Welch's conduct was totally unexpectable by the company. Thus, as a matter of law, it argues, Welch was acting outside the scope of his employment when he beat Crittenden.

The difficulty with this analysis is that South Carolina has not adopted the Restatement rule. In *Jamison v. Howard*, 271 S. C. 385, 247 S. E. (2d) 450 (1978), *appeal after remand*, 275 S. C. 344, 271 S. E. (2d) 116 (1980), a majority of the Supreme Court rejected the Restatement rule in favor of the test applied in *Jones v. Elbert*, 211 S. C. 553, 34 S. E. (2d) 796 (1945). Under the latter test, it is not necessary to find the particular act creating liability was within the servant's authority. Nor is it necessary that the assault should have been made as a means or for the purpose of performing the work the servant was employed to do. *Carr v. William C. Crowell Co.*, 28 Cal. (2d) 652, 171 P. (2d) 5 (1946); *Fields v. Sanders*, 29 Cal. (2d) 834, 180 P. (2d) 684 (1947). "If the servant is doing some act in furtherance of the master's business, he will be regarded as acting within the scope of his employment, although he may exceed his authority." *Jones v. Elbert, supra,* 211 S. C. at 558, 34 S. E. (2d) at 798-799, quoting *Cantrell v. Claussen's Bakery,* 172 S. C. 490, 494, 174 S. E. 438, 440 (1934); *cf. Jamison v.*

*Howard, supra,* (master testified that servant had no authority to make credit sales or to collect business debts). On the other hand, if the servant acts for some independent purpose of his own, wholly disconnected with the furtherance of his master's business, his conduct falls outside the scope of his employment. *Hancock v. Aiken Mills,* 180 S. C. 93, 185 S. E. 188 (1936); *Hyde v. Southern Grocery Stores,* 197 S. C. 263, 15 S. E. (2d) 353 (1941). If there is doubt as to whether the servant in injuring a third party was acting at the time within the scope of his employment, the doubt will be resolved against the master, as least to the extent of requiring the question to be submitted to the jury for determination. *Hyde v. Southern Grocery Stores, supra.*

In this case, there was evidence to support a finding that Welch was within the scope of his employment when he attacked Crittenden. The assault occurred at the job site during normal working hours. Welch testified he came to the store to give instructions to a painter and brought his men to collect their tools. Both of these activities were incident to Welch's general duty, as job foreman, to supervise the work of Thompson-Walker's employees and subcontractors on the Crittenden contract. Thus, Welch was on the premises in connection with the master's business and within the scope of his employment. Welch's relationship to Crittenden arose solely from his position as Thompson-Walker's employee. The assault took place in the presence of the master, who, according to the testimony of Crittenden and his father, assisted Welch by physically restraining the father when he attempted to come to the aid of his son. The purpose of the assault was to coerce Crittenden to pay a debt owed to the master. Consequently, although it may have been outside the scope of Welch's authority, the jury could reasonably find the assault was an act in furtherance of the master's business. *See, Jones v. Elbert, supra.* These facts were sufficient to send the question of the master's vicarious liability to the jury. They are also sufficient to support the jury's verdict that Thompson-Walker is liable for the assault.

## II.

Thompson-Walker also seeks reversal of the judgment on the ground that the award of $75,000 damages is excessive

and the result of passion and prejudice on the part of the jury.

On appeal, there is a presumption that the jury awarded an amount of damages within its discretion and all the evidence and the inferences reasonably deducible from the evidence must be viewed in the light most favorable to sustaining the verdict. *See Renno v. Seaboard Air Line Ry.*, 120 S. C. 7, 112 S. E. 439 (1922); *Steele v. Atlantic Coast Line R. Co.*, 103 S. C. 102, 87 S. E. 639 (1916), *cert. denied,* 247 U. S. 511, 38 S. Ct. 579, 62 L. Ed. 1242 (1917), *appeal after remand,* 109 S. C. 104, 95 S. E. 180 (1918); *Watson v. Wilkinson Trucking Co.*, 244 S. C. 217, 136 S. E. (2d) 286 (1964).

In this case, Crittenden was severely beaten and permanently injured. He suffered an orbital blowout of the left eye, i.e., fracture of the bones in the left eye socket. He was hospitalized for six days. He was required to undergo surgery under general anesthesia to repair the damage to his eye. He suffered multiple bruises. He experienced pain and suffering from the beating. He still experiences double vision and numbness in his left cheek. This condition is expected to be permanent. While the verdict may be full, given the proof of Crittenden's damages, the award is well within the discretion of the jury. We discern nothing in the record to justify a conclusion that the verdict was a product of passion or prejudice rather than an attempt to award fair compensation for Crittenden's injuries. Indeed, the jury's refusal to award punitive damages suggests the contrary.

The judgment of the circuit court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.