**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

L.G. Elrod, Appellant,

v.

Berkeley County Sheriff's Department and H. Wayne Dewitt, Respondents.

Appellate Case No. 2012-212325

Appeal From Berkeley County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-381
Submitted September 1, 2013 – Filed October 9, 2013

**AFFIRMED**

M. Brooks Derrick, of the Law Office of M. Brooks Derrick, LLC, of Charleston, for Appellant.

Hugh Willcox Buyck and Gordon Wade Cooper, both of Buyck, Sanders & Simmons, LLC, of Mt. Pleasant; and Deborah Harrison Sheffield, of Columbia, for Respondents.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  Regarding the applicable statute of limitations:  S.C. Code Ann. § 15-78-110 (2005) (providing a two year statute of limitations for actions brought pursuant to the South Carolina Tort Claims Act); S.C. Code Ann. § 15-78-20(b) (2005) (stating the Tort Claims Act "is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents"); S.C. Code Ann. § 15-78-200 (2005) ("Notwithstanding any provision of law, [the Tort Claims Act] is the *exclusive and sole remedy* for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty." (emphasis added)); *Flateau v. Harrelson*, 355 S.C. 197, 203, 584 S.E.2d 413, 416 (Ct. App. 2003) ("The Tort Claims Act governs all tort claims against governmental entities and is the exclusive civil remedy available in an action against a governmental entity or its employees.").

2.  Regarding whether the trial court erred in determining no genuine issue of material fact existed:  Rule 56(c), SCRCP (stating the trial court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Carolina Alliance for Fair Emp't v. S.C. Dep't of Labor, Licensing, & Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 800 (Ct. App. 1999) ("The plain language of Rule 56(c), SCRCP, mandates the entry of summary judgment, after adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."); *Hedgepath v. AT&T*, 348 S.C. 340, 355, 559 S.E.2d 327, 336 (Ct. App. 2001) ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted."); *id*. at 354, 559 S.E.2d at 335 ("Once the moving party carries its initial burden, the opposing party must . . . do more than simply show that there is some metaphysical doubt as to the material facts[;] [the opposing party] must come forward with specific facts showing that there is a genuine issue for trial." (internal quotation marks, emphasis, and citation omitted)).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**