**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Skydive Myrtle Beach, Inc. (f/k/a Skydive Myrtle Beach, LLC), Appellant,

v.

Horry County, Horry County Department of Airports, H. Randolph Haldi, Pat Apone, Tim Jackson and Jack Teal, Defendants,

Of whom H. Randolph Haldi, Pat Apone, Tim Jackson and Jack Teal are Respondents.

Appellate Case No. 2014-002491

———————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-118
Heard November 3, 2016 – Filed March 8, 2017

———————

**AFFIRMED**

———————

Robert Bratton Varnado and Alexis Mills Wimberly, both of Brown & Varnado, LLC, of Mount Pleasant, for Appellant.

Samuel F. Arthur, III, of Aiken Bridges Elliott Tyler & Saleeby, PA, of Florence, for Respondents.

**PER CURIAM:** Skydive Myrtle Beach, Inc. (Skydive) appeals the circuit court's order dismissing its complaint against several individual defendants, arguing the court erred in (1) dismissing the complaint pursuant to the South Carolina Tort Claims Act, (2) determining that conflicting allegations of conduct and liability were an inequitable interpretation of Skydive's complaint, and (3) dismissing the complaint with prejudice when discovery had not yet been completed and Skydive had requested leave to amend its pleadings. We affirm.

1. The circuit court properly dismissed the complaint pursuant to the South Carolina Tort Claims Act because "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." S.C. Code Ann. § 15-78-70(a) (2005). Subsection (b) sets forth exceptions to this immunity "if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b) (2005). After careful review, we find Skydive's complaint failed to assert sufficient facts to show the individual defendants acted outside the scope of their official duties or fell within any of subsection (b)'s other exceptions. *See Flateau v. Harrelson*, 355 S.C. 197, 205, 584 S.E.2d 413, 417 (Ct. App. 2003) (stating board members may have exceeded their authority when they held two employees at a hearing indefinitely, but this alone did not bring their actions outside the scope of their official duties); *Crittenden v. Thompson-Walker Co.*, 288 S.C. 112, 115, 341 S.E.2d 385, 387 (Ct. App. 1986) ("If the servant is doing some act in furtherance of the master's business, he will be regarded as acting within the scope of his employment, although he may exceed his authority." (quoting *Jones v. Elbert*, 211 S.C. 553, 558, 34 S.E.2d 796, 798–99 (1945))). Further, we distinguish this case from *Pridgen v. Ward*, in which this court found evidence to infer that several government employees conspired to have a prison warden's employment terminated for purely personal reasons. 391 S.C. 238, 245, 705 S.E.2d 58, 62 (Ct. App. 2010). Here, Skydive's allegations fail to show how the defendants' actions were personal and disconnected from their employers' business such that they might forfeit the protections of the Tort Claims Act.

2. We agree with the circuit court that it would be inequitable to allow Skydive to assert conflicting theories that the individual defendants acted both inside and outside the scope of their official duties. Although we are mindful that Rule 8, SCRCP, allows a party to "set forth two or more statements of a cause of action or

defense alternatively or hypothetically," we find a plain reading of Skydive's complaint demonstrates it failed to set out alternative pleadings.  Importantly, Paragraph 8 of Skydive's complaint alleged the individual defendants acted at "all relevant times" as agents of their government employers and each of the enumerated claims began with a paragraph stating, "Plaintiff reincorporates and realleges each of the foregoing allegations as fully as if repeated herein verbatim." Accordingly, Skydive cannot now argue alternative theories it failed to plead in its own complaint.  *See Charleston Cty. Sch. Dist. v. Laidlaw Transit, Inc.*, 348 S.C. 420, 425, 559 S.E.2d 362, 364 (Ct. App. 2001) ("Any allegations, statements, or admissions contained in a pleading are conclusive against the pleader, and a party cannot subsequently take a contrary or inconsistent position.").

3.  The circuit court did not abuse its discretion in dismissing the complaint with prejudice.  Although dismissals under Rule 12(b)(6), SCRCP, are generally without prejudice, this court is not required to modify a circuit court's order that dismisses with prejudice.  *See Spence v. Spence*, 368 S.C. 106, 130, 628 S.E.2d 869, 881 (2006) ("When a plaintiff is not given the opportunity to file and serve an amended complaint, but is left with no choice but to appeal after dismissal of her case with prejudice, an appellate court which affirms the dismissal *may* modify the lower court's order to find the dismissal is without prejudice." (emphasis added)).[1] Here, we note the circuit court's dismissal with prejudice did not end the case in its entirety.  It only ended the case as to the individual defendants—the case will proceed against Horry County and the Horry County Department of Airports.

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] As to Skydive's argument that the circuit court erred in declining to allow it to file an amended complaint, we find no error.  *See Health Promotion Specialists, L.L.C. v. S.C. Bd. of Dentistry*, 403 S.C. 623, 632, 743 S.E.2d 808, 812–13 (2013) (affirming the circuit court's denial of a party's motion to amend its complaint when amendment would be futile).