**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Clarence B. Jenkins, Jr., Appellant,

v.

South Carolina Department of Employment & Workforce, South Carolina Budget & Control Board, and Office of the Governor of South Carolina, Respondents.

Appellate Case No. 2015-002356

———————

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-217
Submitted April 1, 2017 – Filed May 24, 2017

———————

**AFFIRMED**

———————

Clarence B. Jenkins, Jr., of Neeses, pro se.

Eugene Hamilton Matthews, of Richardson Plowden & Robinson, PA, of Columbia, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 12(b)(6), SCRCP (stating a circuit court may dismiss a complaint when the defendant demonstrates the plaintiff's complaint fails to allege facts sufficient to constitute a cause of action); *Dawkins v. Union Hosp. Dist.*, 408 S.C.

171, 176, 758 S.E.2d 501, 503 (2014) (providing the same standard of review for circuit courts and appellate courts when considering a motion to dismiss pursuant to Rule 12(b)(6), SCRCP: "whether the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court"); *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 416 (Ct. App. 2003) (noting this court will affirm a dismissal under Rule 12(b)(6) "if the facts alleged in the complaint do not support relief under any theory of law"); *Staubes v. City of Folly Beach*, 331 S.C. 192, 204, 500 S.E.2d 160, 167 (Ct. App. 1998) ("The South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 [to -220 (2005 & Supp. 2016)], is a limited waiver of governmental immunity."); S.C. Code Ann. § 15-78-60(17) (2005) ("The governmental entity is not liable for a loss resulting from . . . employee conduct outside the scope of his official duties, or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."); *Pallares v. Seinar*, 407 S.C. 359, 370, 756 S.E.2d 128, 133 (2014) ("The tort of abuse of process is intended to compensate a party for harm resulting from another party's misuse of the legal system."); *id.* ("The essential elements of abuse of process are (1) an ulterior purpose, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.