**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terrance J. McLeod, Appellant,

v.

Jarius Orel English-McMillan, Roland Shelley, Roland G. Shelley, II, Scott C. Shelley and Coastal Carolina University, Defendants,

Of whom Coastal Carolina University is the Respondent.

Appellate Case No. 2016-001647

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2017-UP-414
Submitted October 1, 2017 – Filed November 1, 2017

**AFFIRMED**

John Derrick Clark, of the Clark Law Firm, LLC, of Sumter, for Appellant.

Lisa Arlene Thomas, of Thompson & Henry, PA, of Conway, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 12(b)(6), SCRCP (stating a circuit court may dismiss a complaint when the defendant demonstrates the plaintiff failed to allege facts sufficient to constitute a cause of action); *Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 176, 758 S.E.2d 501, 503 (2014) (providing the same standard of review for circuit courts and appellate courts when considering a motion to dismiss pursuant to Rule 12(b)(6), SCRCP: "whether the defendant demonstrate[d] the plaintiff . . . failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court"); *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 416 (Ct. App. 2003) (noting this court will affirm a dismissal under Rule 12(b)(6) "if the facts alleged in the complaint do not support relief under any theory of law"); *Doe v. Marion*, 373 S.C. 390, 400, 645 S.E.2d 245, 250 (2007) ("In order to prove negligence, a plaintiff must show: (1) defendant owe[d] a duty of care to the plaintiff; (2) defendant breached the duty by a negligent act or omission; (3) defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered an injury or damages."); *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 334, 566 S.E.2d 536, 545 (2002) ("In a negligence action, the court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff."); *Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998) (stating negligence is not actionable without a duty of care); *Rayfield v. S.C. Dep't of Corr.*, 297 S.C. 95, 100, 374 S.E.2d 910, 913 (Ct. App. 1988) ("An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some special circumstance.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.