**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Viresh Sinha, Appellant,

v.

Neelu Choudhry, Respondent.

Appellate Case No. 2020-000803

―――――――――――

Appeal From Richland County
Monét S. Pincus, Family Court Judge

―――――――――――

Unpublished Opinion No. 2022-UP-219
Submitted April 1, 2022 – Filed May 18, 2022

―――――――――――

**AFFIRMED**

―――――――――――

Viresh Sinha, of Columbia, pro se.

William Benito Fortino, of Moore Bradley Myers Law Firm, of West Columbia, for Respondent.

―――――――――――

**PER CURIAM:**  Viresh Sinha (Father) appeals the family court's order dismissing his rule to show cause for failure to state a claim upon which relief could be granted.  On appeal, Father argues (1) the family court wrongfully applied Rule 12(b)(6) of the South Carolina Rules of Civil Procedure, (2) the family court held an improper hearing, (3) the transcript contains errors and omissions, (4) this court should vacate the family court's prior order, (5) Neelu Choudhry's (Mother's) return

to the rule to show cause was untimely and violated Rule 14 of the South Carolina Family Court Rules, (6) the family court had authority over his claims, (7) the family court violated his due process rights to a fair trial, (8) Father had a fiduciary duty, and (9) Mother neglected her fiduciary duties and violated their minor child's Title 14 rights. We affirm pursuant to Rule 220(b), SCACR.

1. As to issue one, we hold Father's argument that Mother's motion to dismiss was untimely under Rule 12(b)(6), SCRCP, is not preserved for review. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court."). To the extent Father argues the family court erred in dismissing his rule to show cause under Rule 12(b)(6), we hold the family court properly found Father failed to state a claim upon which relief could be granted; thus, the family court did not err in dismissing Father's rule to show cause. *See Flateau v. Harrelson*, 355 S.C. 197, 201, 584 S.E.2d 413, 415 (Ct. App. 2003) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("A [family court] in the civil setting may dismiss a claim when the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court."); *id.* at 202, 584 S.E.2d at 415 ("In deciding whether the [family] court properly granted the motion to dismiss, [an appellate court] must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief.").

2. As to issue two, we hold the family court did not err in failing to hold an evidentiary hearing under Rule 14(g), SCRFC. The family court considered Mother's motion to dismiss first because it was dispositive and ultimately granted the motion after reviewing Father's pleadings and Mother's motion and listening to Mother's and Father's arguments at the hearing. Because the family court granted the motion, it did not err in failing to hold an evidentiary hearing on the underlying rule to show cause.

3. As to issue three, we hold Father's argument regarding the allegedly deficient transcript is without merit. Even assuming the identified information should have been included in the transcript, it does not affect the resolution of the issues on appeal.

4. As to issue four, we hold Father's argument regarding the "loophole" in the family court's prior custody order is not properly before this court because Father

did not appeal the prior order in this appeal; rather, he only appealed the order dismissing his complaint for failure to state a claim upon which relief could be granted.

5.  As to issues five, six, seven, eight, and nine, we hold Father's arguments are not preserved for review.  *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court.").  Further, as to issues seven, eight, and nine, we also hold Father abandoned his arguments.  *See DiMarco v. DiMarco*, 399 S.C. 295, 301, 731 S.E.2d 617, 620 (Ct. App. 2012) (finding the appellant's argument was abandoned on appeal because he "failed to cite any case law or authority to support his argument"); *Shealy v. Doe*, 370 S.C. 194, 205-06, 634 S.E.2d 45, 51 (Ct. App. 2006) (declining to address an issue on appeal when the appellant made conclusory statements and failed to cite any supporting authority).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.