474 S.E.2d 156 (1996)
SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,
v.
Robert Charles WHEATON, Robert Cox and Shelly Cox, Defendants,
of whom Robert Charles Wheaton is, Appellant.
In the Interest of Keri A. Vause, Christopher Cox and Heather Cox, Minors Under the Age of 18.
No. 2550.
Court of Appeals of South Carolina.
Heard June 6, 1996.
Filed July 29, 1996.
*157 Kellum W. Allen and John G. O'Day, Kirkland, Wilson, Moore, Allen & Taylor, West Columbia, for appellant.
Daun C. Steigner, Lexington, for respondent.
PER CURIAM:
Robert Charles Wheaton appeals a family court order which found he sexually abused one child and threatened to harm two other children. We reverse.
D.S.S. alleges Wheaton sexually abused his seven year old niece. The only testimony of abuse came from hearsay statements from the child. Wheaton argues on appeal the family court judge erred in admitting those statements.
Prior to trial, the judge noted that none of the parties were present, although each was represented by an appointed guardian ad litem or retained or appointed counsel. Officer Ladd Roof of the Lexington County Sheriffs Department testified he had an order to transport the parties, except Wheaton, to the hearing. Roof went to the residence but found no one there. Roof stated he had served subpoenas on the parties, except Wheaton, at their residence.
Wheaton's attorney advised the judge he had not spoken to his client because Wheaton was incarcerated in Florida. He objected in advance to the court's accepting the hearsay testimony of the child, arguing the court could make no finding on the competency of the child without the child's presence. Wheaton's attorney also moved to dismiss the action because no witnesses had firsthand knowledge of the pertinent facts.
Michael May, Wheaton's guardian ad litem, joined in the motions because he, too, had been unable to contact Wheaton. The trial court proceeded, but held the motion to dismiss in abeyance.
Following the hearing, the family court found DSS had established the abuse had more likely than not occurred, and ordered Wheaton to cooperate with the proposed treatment plan. Wheaton appeals.

I.
Wheaton first argues the trial court erred in admitting hearsay testimony.
The law provides a child's out-of-court statement may be admitted in an abuse case if:
(1) the child testifies at the proceeding or testifies by means of videotaped deposition or closed-circuit television, and at the time of the testimony the child is subject to cross-examination about the statement; or
(2)(a) the child is found by the court to be unavailable to testify on any of these grounds:
(i) the child's death;
(ii) the child's physical or mental disability;
(iii) the existence of a privilege involving the child;
(iv) the child's incompetency, including the child's inability to communicate about the offense because of fear;
(v) substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of videotaped deposition or closed-circuit television; and
(b) the child's out-of-court statement is shown to possess particularized guarantees of trustworthiness.
S.C.Code Ann. § 19-1-180 (Supp.1995) (emphasis added).
DSS argued at trial the child's absence was equal to a "physical disability." Moreover, the attorney for the guardian ad litem alleged the guardian felt the child would suffer emotional harm if she testified. However, the judge rejected these arguments and specifically found DSS had showed none of *158 the five reasons for unavailability. We agree the record does not factually support these blanket allegations.
The court thereafter erroneously treated the "particularized guarantee of trustworthiness" of the statement as a separate basis for admitting the testimony and allowed the hearsay. This was error.
The statute clearly says a hearsay statement is admissible only if one of two things occur: (1) the child testifies and therefore submits to cross-examination, or (2) the judge finds the child unavailable for one of the five statutory reasons and finds the out-of-court statement possesses particularized guarantees of trustworthiness. (Emphasis added.) See Charleston County DSS v. Father, 317 S.C. 283, 454 S.E.2d 307 (1995) (under the statute, if the child is found by the court to be unavailable to testify for any of five statutory reasons, his out-of-court statements are admissible only if they are shown to have particularized guarantees of trustworthiness).
Moreover, section 19-1-180(B)(2)(b) does not supply a separate test for unavailability; rather, that section mandates an additional requirement for admitting the statement of an unavailable child. Unless the judge makes the initial determination the child is unavailable, he or she does not reach the "particularized guarantee of trustworthiness" issue.
Statutes in derogation of the common law are to be strictly construed. Crowder v. Carroll, 251 S.C. 192, 161 S.E.2d 235 (1968). Their application is not to be extended beyond the clear legislative intent. Id. Accordingly, we cannot extend the statute here beyond the clear legislative intent of requiring a two-pronged test before allowing hearsay.
We need not reach Wheaton's other issues because of our ruling on this issue. Accordingly, the order of the family court is
REVERSED.[1]
CURETON, CONNOR and HEARN, JJ., concur.
NOTES
[1] This ruling would not prevent DSS from bringing another action and presenting the child's testimony or complying with the appropriate statutory provisions.