605 S.E.2d 556

**John DOE, individually and as Guardian and next friend for his minor child, James Doe, Appellants,**

v.

**Robert Francis MARION, Jr., M.D., Individually, Parkwood Pediatrics Group, Carolina Family Care, Inc., Walton L. Ector, M.D., Individually, William Gamble, M.D., Individually, Malcolm Rhodes, M.D., Individually, William Fred O'Dell, M.D., Individually, Carol Graf, M.D., Individually, Carol Graf, M.D. & Associates, P.A., and Pitt Marion, Individually**

**Of Whom Carol Graf, M.D., Individually, and Carol Graf, M.D. & Associates, P.A., are, Respondents.**

No. 3879.

Court of Appeals of South Carolina.

Heard Oct. 12, 2004.

Decided Oct. 25, 2004.

Rehearing Denied Dec. 16, 2004.

466

J. Graham Sturgis, Jr., of Charleston and Gary B. Blasingame, Henry G. Garrard, III, and Michael O. Crain, all of Athens, for Appellants.

Stephen L. Brown and Carol B. Ervin, both of Charleston, for Respondents.

ANDERSON, J.:

John Doe, individually and as Guardian and next friend for his minor child James Doe (collectively, Appellants), brought this action against multiple defendants seeking to recover damages arising from Dr. Robert Francis Marion, Jr.'s sexual abuse of James Doe. Carol Graf, M.D., individually, and Carol Graf, M.D. & Associates, P.A. (collectively, Respondents) were two of the defendants in the action. Respondents were dismissed from the action after filing a motion to dismiss under Rule 12(b)(6), SCRCP. After the denial of Appellants' motion for reconsideration, this appeal follows. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

James Doe, while under the care of Dr. Robert Marion, was allegedly "repeatedly sexually molested by Defendant Marion for a period of several years." James Doe allegedly suffered "permanent physical pain and suffering and extreme emotional distress." John Doe, James Doe's father, asserted he lost the companionship of his child, suffered extreme emotional distress, and has lost earnings as a result of his son's molestation.

Appellants filed an Amended Complaint, which alleged the following facts that are deemed true and admitted for purposes of this appeal.[1] Dr. Carol Graf is a psychiatrist who

---

1. *See Russell v. City of Columbia,* 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991) (stating that for purposes of considering a motion for judgment

began treating a victim of Dr. Marion's molestation. The victim told Dr. Graf of the molestation beginning in at least 1984. Dr. Graf never notified law enforcement or social services authorities of the child abuse. Dr. Graf failed to notify the medical licensing board or ethics review panel. The Amended Complaint alleges that under S.C.Code Ann. section 20–7–510 (Supp. 2002), Dr. Graf had a duty to report the suspected child abuse and sexual abuse to the appropriate authorities. The complaint contends the failure to notify was negligence per se and "enabled Defendant Marion to continue contact with and molestation of his then current and future minor patients."

Dr. Graf attempted to treat Dr. Marion "for his predilection for child molestation simultaneously with her treatment of other existing victim(s)." The Amended Complaint alleges Dr. Graf "failed to warn the foreseeable victims of Defendant Marion of the danger that he posed." It contends Dr. Graf "breached her common law duty to warn Plaintiff James Doe." The complaint asserts Carol Graf, M.D. & Associates, P.A. is vicariously liable as a result of Dr. Graf's negligence.

Respondents filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), SCRCP. The trial court granted the motion. In its order, the trial court found: (1) no common law duty to warn existed because there was no specific threat to a specific individual; (2) even assuming section 20–7–510 created a private cause of action, it is only for failure to notify regarding threats to a specific child, not any possible future victims; and (3) section 20–7–510 does not create a private cause of action for failing to notify the appropriate authorities. The trial court denied Appellants' motion for reconsideration.

## *STANDARD OF REVIEW*

 Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss based on a failure to state facts sufficient to constitute a cause of action. *Flateau v. Harrelson*, 355 S.C. 197, 201, 584 S.E.2d 413, 415 (Ct.App.2003), *cert. denied* (citing *Baird v. Charleston County*, 333 S.C. 519, 511 S.E.2d 69

on the pleadings, all properly pleaded factual allegations are deemed admitted).

(1999)). A trial judge in the civil setting may dismiss a claim when the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court. *Williams v. Condon*, 347 S.C. 227, 553 S.E.2d 496 (Ct.App.2001). Generally, in considering a 12(b)(6) motion, the trial court must base its ruling solely upon allegations set forth on the face of the complaint. *Stiles v. Onorato*, 318 S.C. 297, 457 S.E.2d 601 (1995); *see also Brown v. Leverette*, 291 S.C. 364, 353 S.E.2d 697 (1987) (noting trial court must dispose of motion for failure to state cause of action based solely upon allegations set forth on face of complaint); *Williams*, 347 S.C. at 233, 553 S.E.2d at 499 (finding that trial courts ruling on 12(b)(6) motion must be bottomed and premised solely upon allegations set forth by plaintiff).

"A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case." *Flateau*, 355 S.C. at 202, 584 S.E.2d at 415; *see Gentry v. Yonce*, 337 S.C. 1, 522 S.E.2d 137 (1999); *see also Baird*, 333 S.C. at 527, 511 S.E.2d at 73 (declaring that if the facts and inferences drawn from the facts alleged on the complaint would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper); *McCormick v. England*, 328 S.C. 627, 494 S.E.2d 431 (Ct.App.1997) (concluding that motion to dismiss cannot be sustained if facts alleged in complaint and inferences reasonably deducible therefrom would entitle plaintiff to relief on any theory of the case). In deciding whether the trial court properly granted the motion to dismiss, this Court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief. *See Gentry*, 337 S.C. at 5, 522 S.E.2d at 139; *see also Cowart v. Poore*, 337 S.C. 359, 523 S.E.2d 182 (Ct.App.1999) (explaining that looking at facts in light most favorable to plaintiff, and with all doubts resolved in his behalf, the court must consider whether the pleadings articulate any valid claim for relief).

The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action. *Toussaint v. Ham*, 292 S.C. 415, 357 S.E.2d 8 (1987). The

trial courts grant of a motion to dismiss will be sustained if the facts alleged in the complaint do not support relief under any theory of law. *Tatum v. Medical Univ. of South Carolina*, 346 S.C. 194, 552 S.E.2d 18 (2001); *see also Gray v. State Farm Auto Ins. Co.*, 327 S.C. 646, 491 S.E.2d 272 (Ct.App. 1997) (stating motion must be granted if facts and inferences reasonably deducible from them show that plaintiff could not prevail on any theory of the case).

 "Dismissal of an action pursuant to Rule 12(b)(6) is appealable." *Williams*, 347 at 233, 553 S.E.2d at 500. Upon review of a dismissal of an action pursuant to Rule 12(b)(6), the appellate court applies the same standard of review implemented by the trial court. *Id.*

### *LAW/ANALYSIS*

Appellants contend the trial court erred in dismissing the claims for negligence against Dr. Graf. They assert the complaint properly alleges causes of action for common law negligence and negligence per se for violation of S.C Code Ann. section 20–7–510 (Supp. 2002). We disagree.

 In order to prove negligence, the plaintiff must show: (1) defendant owes a duty of care to the plaintiff; (2) defendant breached the duty by a negligent act or omission; (3) defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered an injury or damages. *Andrade v. Johnson*, 356 S.C. 238, 245, 588 S.E.2d 588, 592 (2003); *Regions Bank v. Schmauch*, 354 S.C. 648, 668, 582 S.E.2d 432, 443 (Ct.App.2003). To sustain an action for negligence, it is essential the plaintiff demonstrate the defendant breached a duty of care owed to the plaintiff. *Sabb v. South Carolina State Univ.*, 350 S.C. 416, 429, 567 S.E.2d 231, 237 (2002); *Bishop v. South Carolina Dep't of Mental Health*, 331 S.C. 79, 502 S.E.2d 78 (1998). The existence of a duty owed is a question of law for the courts. *Doe v. Batson*, 345 S.C. 316, 323, 548 S.E.2d 854, 857 (2001). In a negligence action, if no duty exists, the defendant is entitled to judgment as a matter of law. *Simmons v. Tuomey Reg'l Med. Ctr.*, 341 S.C. 32, 39, 533 S.E.2d 312, 316 (2000).

 Under South Carolina law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger. *Faile v. South Carolina Dep't of Juvenile Justice,* 350 S.C. 315, 334, 566 S.E.2d 536, 546 (2002); *Rogers v. South Carolina Dep't of Parole & Cmty Corr.,* 320 S.C. 253, 464 S.E.2d 330 (1995); *Rayfield v. South Carolina Dep't of Corr.,* 297 S.C. 95, 374 S.E.2d 910 (Ct.App.1988); Restatement (Second) of Torts § 314 (1965). The *Faile* court inculcated:

> We recognize five exceptions to this rule: 1) where the defendant has a special relationship to the victim; 2) where the defendant has a special relationship to the injurer; 3) where the defendant voluntarily undertakes a duty; 4) where the defendant negligently or intentionally creates the risk; and 5) where a statute imposes a duty on the defendant. *See generally,* Hubbard & Felix, *The South Carolina Law of Torts* 57–72 (1990).

*Faile,* 350 S.C. at 334, 566 S.E.2d at 546 (footnotes omitted).

## I. Common Law Negligence

 Appellants argue a duty to warn all future foreseeable victims arose out of the "special relationship" created in the psychiatrist—patient relationship. We find that no duty to warn was created.

 South Carolina law does not recognize a general duty to warn of the dangerous propensities of others. *Bishop v. South Carolina Dep't of Mental Health,* 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998). "However, when a defendant has the ability to monitor, supervise, and control an individual's conduct, a special relationship exists between the defendant and the individual, and the defendant may have a common law duty to warn potential victims of the individual's dangerous conduct." *Id.* "This duty to warn arises when the individual has made a *specific threat of harm directed at a specific individual.*" *Id.* (emphasis added).

The South Carolina Supreme Court relied upon *Tarasoff v. Regents of Univ. of California,* 17 Cal.3d 425, 131 Cal.Rptr. 14, 551 P.2d 334 (1976), in reaching its conclusions in *Bishop.* Specifically, the court quoted the following language explicating the duty:

> When a therapist determines, or pursuant to the standards of his profession should determine, that his patient presents a serious danger of violence to another, he incurs an obligation to use reasonable care to protect the intended victim against such danger. The discharge of this duty may require the therapist to take one or more of various steps, depending upon the nature of the case. Thus it may call for him to warn the intended victim or others likely to apprise the victim of the danger, to notify the police, or to take whatever other steps are reasonably necessary under the circumstances.

*Tarasoff,* 131 Cal.Rptr. 14, 551 P.2d at 340. Citing several cases relying on *Tarasoff,* the court in *Bishop* enounced: "this duty [to warn] is only owed when a patient specifically threatens a readily identifiable third party" and reiterated that the duty requires "the defendant be aware or should have been aware of the specific threat made by the patient to harm a specific person." *Bishop,* 331 S.C. at 87–88, 502 S.E.2d at 82.

Nowhere in the complaint have Appellants alleged a specific threat made by Dr. Marion directed against James Doe. The Amended Complaint alleges a duty to warn "foreseeable victims" which are defined in the complaint as the "future minor patients with whom [Dr. Marion] came into contact." This Court addressed a similar situation in *Gilmer v. Martin,* 323 S.C. 154, 473 S.E.2d 812 (Ct.App.1996). In *Gilmer,* this Court was specifically asked whether "there should be a duty to warn all 'foreseeable' victims, such as in this case, where an identifiable threat exists to a specific, small group of individuals." *Id.* at 157–58, 473 S.E.2d at 814. The Court refused to extend the duty to warn to all foreseeable victims. *Id.*

Because Appellants have failed to allege a specific threat necessary to compel a duty to warn, the trial court correctly determined no legal duty existed under the common law.

## II. Negligence Per Se Under Section 20–7–510

"An affirmative legal duty, however, may be created by statute, contract relationship, status, property interest, or some other special circumstance." *Steinke v. South Car-*

*olina Dep't of Labor, Licensing and Regulation,* 336 S.C. 373, 388, 520 S.E.2d 142, 149 (1999).

Section 20–7–510 of the South Carolina Code provides:

(A) A physician . . . shall report in accordance with this section when in the person's professional capacity the person has received information which gives the person reason to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect.

. . . .

(D) Reports of child abuse or neglect may be made orally by telephone or otherwise to the county department of social services or to a law enforcement agency in the county where the child resides or is found.[2]

S.C.Code Ann. § 20–7–510 (Supp. 2002).

▌ A rule of statutory construction is that any legislation which is in derogation of common law must be strictly construed and not extended in application beyond clear legislative intent. *South Carolina Dep't of Soc. Servs. v. Wheaton,* 323 S.C. 299, 302, 474 S.E.2d 156, 158 (Ct.App.1996). Therefore, a statute is not to be construed in derogation of common law rights if another interpretation is reasonable. *Hoogenboom v. City of Beaufort,* 315 S.C. 306, 318 n. 5, 433 S.E.2d 875, 884 n. 5 (Ct.App.1992).

▌ The main factor in determining whether a statute creates a private cause of action is legislative intent. *Dorman v. Aiken Communications, Inc.,* 303 S.C. 63, 398 S.E.2d 687 (1990). In *Dorman,* the South Carolina Supreme Court enunciated:

The legislative intent to grant or withhold a private right of action for violation of a statute or the failure to perform a statutory duty, is determined primarily from the language of the statute. . . . In this respect, the general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare

---

**2.** Section 20–7–510(A) was amended in 2003 and now reads: "A physician . . . must report in accordance with this section when in the person's professional capacity the person has received information which gives the person reason to believe that a child has been or may be abused or neglected as defined in section 20–7–490." Act No. 94, 2003 S.C. Acts 1554.

of the public as an entity is not subject to a construction establishing a civil liability.

*Id.* at 67, 398 S.E.2d at 689 (quoting *Whitworth v. Fast Fare Markets of South Carolina, Inc.,* 289 S.C. 418, 420, 338 S.E.2d 155, 156 (1985)). When a statute does not specifically create a private cause of action, one can be implied only if the legislation was enacted for the special benefit of a private party. *Citizens for Lee County v. Lee County,* 308 S.C. 23, 416 S.E.2d 641 (1992).

The reporting statute of section 20–7–510 does not purport to establish civil liability for the failure to report. The statute is silent in that regard. However, a subsequent, related statute imposes liability for making a false report. As such, it can reasonably be determined the legislative intent was for the reporting statute **NOT** to create civil liability. *See Byrd v. Irmo High School,* 321 S.C. 426, 433–34, 468 S.E.2d 861, 865 (1996) (finding when one provision does not include a right that is included in a related provision, legislative intent is that a right will not be implied where it does not exist).

Additionally, in *Rayfield v. South Carolina Dep't of Corr.,* 297 S.C. 95, 374 S.E.2d 910 (1988), this Court announced:

[W]e are able to derive a test for determining when a duty created by statute will support an action for negligence. In order to show that the defendant owes him a duty of care arising from a statute, the plaintiff must show two things: (1) that the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) that he is a member of the class of persons the statute is intended to protect.

*Id.* at 103, 374 S.E.2d at 914.

The statute in the instant case is in the portion of the Children's Code establishing the policies and procedures of the state's child welfare services. *See* S.C.Code Ann. § 20–7–480 (Supp.2002). The statute is concerned with the protection of the public and not with the protection of an individual's private right. This is consistent with other jurisdictions' interpretations of similar statutes. In *C.B. v. Bobo,* 659 So.2d 98 (Ala.1995), the Supreme Court of Alabama construed a similar statute requiring mandatory reporting and found:

The Child Abuse Reporting Act creates a duty owed to the general public, not to specific individuals, and, consequently, it does not create a private cause of action in favor of individuals. Therefore, to the extent that the plaintiffs rely on that statute, they fail to state a cause of action, and the trial court properly dismissed the claims insofar as they were based on the statute.

*Id.* at 102; *see, e.g., Arbaugh v. Board of Educ., County of Pendleton,* 214 W.Va. 677, 591 S.E.2d 235, 241 (2003) (finding "same conclusion has been reached by a decided majority of states"); *Fischer v. Metcalf,* 543 So.2d 785 (Fla.Dist.Ct.App. 1989); *Borne v. Northwest Allen County Sch. Corp.,* 532 N.E.2d 1196 (Ind.Ct.App.1989).

Accordingly, we rule that section 20–7–510 does **NOT** give rise to a private cause of action. We further conclude section 20–7–510 does **NOT** support a claim for negligence per se. Apodictically, the trial court properly dismissed Appellants' claim for negligence per se under the statute.

 Additionally, the trial court found the statute refers to a report once the psychiatrist has "received information which gives the person reason to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect." The court concluded this meant that specific information about a specific child had to be received before a duty to report was created by the statute. The complaint failed to allege any specific threat to James Doe. As this finding was not appealed, it is the law of the case. *ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding that an unappealed ruling is the law of the case).

## CONCLUSION

We find the trial court properly determined the Amended Complaint failed to allege Dr. Graf owed a duty which would support a claim for damages resulting from her failure to warn Appellants of Dr. Marion's propensities. We hold section 20–7–510 of the South Carolina Code does not support a private cause of action for failing to report alleged abuse. The

decision of the trial court to dismiss the action against Dr. Graf pursuant to Rule 12(b)(6), SCRCP, is

**AFFIRMED.**

GOOLSBY and WILLIAMS, JJ., concur.