**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Glenda Couram, Appellant,

v.

Lula N. Davis, Shirley Rivers, Constance "Connie" Rhett, Marcia Adams, Dottie Blankenship, Tosha Autry, Steven W. Lake, in their official and individual capacities, and the South Carolina Department of Motor Vehicles, Respondents.

Appellate Case No. 2012-213441

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2015-UP-065
Heard October 7, 2014 – Filed February 4, 2015

**AFFIRMED**

Glenda Couram, pro se, for Appellant.

Eugene Hamilton Matthews, of Richardson Plowden & Robinson, P.A., of Columbia, for Respondents.

**PER CURIAM:** Glenda Couram appeals the circuit court's order denying her motion to amend her complaint and granting Respondents' motion to dismiss. Couram argues the circuit court erred in finding her motion to amend her complaint would be futile because her claims for gross negligence, defamation, intentional infliction of emotional distress, and civil conspiracy were timely filed under the appropriate statute of limitations. We affirm.

First, we find the circuit court properly held the South Carolina Tort Claims Act's (SCTCA) two-year statute of limitations is applicable because Couram did not file a verified claim. *See* S.C. Code Ann. § 15-78-110 (Supp. 2013) ("[A]ny action brought pursuant to [the SCTCA] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered; provided, that if the claimant first filed a [verified] claim pursuant to [the SCTCA,] then the action for damages based upon the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered."). The charge of discrimination Couram filed with the South Carolina Human Affairs Commission was not a verified claim because it was not supported by an oath, as evidenced by the blank "Notary" space on the form. *See Pollard v. Cnty. of Florence*, 314 S.C. 397, 401, 444 S.E.2d 534, 536 (Ct. App. 1994) (holding a plaintiff who did not submit a document under oath did not submit a "verified claim" entitling her to the three-year statute of limitations). Therefore, the SCTCA's two-year statute of limitations applies to all of Couram's claims.

Further, we find the circuit court properly denied Couram's motion to amend her complaint on the grounds that any amendment would be futile because the SCTCA's two-year statute of limitations expired on all of her claims. *See Health Promotion Specialists, L.L.C. v. S.C. Bd. of Dentistry*, 403 S.C. 623, 632, 743 S.E.2d 808, 812-13 (2013) (affirming the circuit court's denial of a party's motion to amend its complaint when the amendment would be futile).

Upon a thorough review of the record, we find the latest possible date Couram could have learned that she may have claims for gross negligence, defamation, intentional infliction of emotional distress, or civil conspiracy was December 8, 2008, when she was officially transferred to a position in data entry. Couram filed her first complaint in the U.S. District Court for the District of South Carolina on January 4, 2010. In addition to several federal claims, Couram asserted claims for "outrage" and civil conspiracy under the federal supplemental jurisdiction statute, 28 U.S.C. § 1367 (Supp. 2014). On March 10, 2011, the district court issued an order granting Respondents summary judgment on Couram's federal claims

pursuant to the Eleventh Amendment and declining to exercise supplemental jurisdiction over Couram's state law claims. *Couram v. S.C. Dep't of Motor Vehicles*, No. 3:10-001-MJP-PJG, 2011 WL 891298, at *1 (D.S.C. Mar. 10, 2011).

Couram argues the tolling provision of the supplemental jurisdiction statute, 28 U.S.C. § 1367(d), tolled the statute of limitations on all of her claims while her case was pending in federal court. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."). We find the tolling provision is inapplicable because the district court granted summary judgment in favor of Respondents, who were nonconsenting parties immune from suit in federal court pursuant to the Eleventh Amendment. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 548 (2002) ("[Section] 1367(d) does not toll the period of limitations for state law claims asserted against nonconsenting state defendants that are dismissed on Eleventh Amendment grounds."). Therefore, we find the SCTCA's two-year statute of limitations began running on December 8, 2008, and expired on December 9, 2010. Accordingly, we affirm the circuit court's denial of Couram's motion to amend her complaint, as well as its grant of Respondents' motion to dismiss, because all of Couram's claims were barred pursuant to the SCTCA's two-year statute of limitations.

In addition, we agree with Respondents' argument that Couram failed to state any claim upon which relief may be granted. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000) ("Under the present rules, a respondent—the 'winner' in the lower court—may raise on appeal any additional reasons the appellate court should affirm the lower court's ruling, regardless of whether those reasons have been presented to or ruled on by the lower court. It would be inefficient and pointless to require a respondent to return to the judge and ask for a ruling on other arguments to preserve them for appellate review."). Upon a thorough review of Couram's complaints, we are unable to find any facts sufficient to constitute a cause of action. *See Doe v. Marion*, 361 S.C. 463, 468, 605 S.E.2d 556, 559 (Ct. App. 2004), *aff'd*, 373 S.C. 390, 645 S.E.2d 245 (2007) ("[The circuit court] may dismiss a claim when the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court. Generally, in considering a 12(b)(6) motion, the [circuit] court must base its ruling solely upon allegations set forth on the face of

the complaint." (citations omitted)).  Accordingly, we affirm the circuit court's order denying Couram's motion to amend her complaint and granting Respondents' motion to dismiss because Couram has failed to state any claim upon which relief may be granted.

Couram raised several additional issues in her brief; however, we need not address these issues because Couram's untimely filing of her claims and her failure to state a claim are dispositive of the other issues she raised.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**