**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenji C. Kilgore, Appellant,

v.

Estate of Samuel Joe Dixon, Samuel E. Dixon, and Fredda L. Dixon, Respondents.

Appellate Case No. 2017-001330

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2019-UP-110
Submitted February 1, 2019 – Filed March 20, 2019

**AFFIRMED**

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellant.

Robert Eric Davis, of The Ward Law Firm, PA, of Spartanburg, for Respondents.

**PER CURIAM:** Kenji Kilgore appeals the circuit court's dismissal of his negligence claim against Samuel E. Dixon and Fredda L. Dixon under Rule 12(b)(6), SCRCP, arguing (1) he sufficiently alleged the elements of negligence in

his complaint and (2) he was deprived of his right to pursue discovery. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: Rule 8(a), SCRCP ("A pleading which sets forth a cause of action . . . shall contain . . . a short and plain statement of the facts showing that the pleader is entitled to relief . . . ."); *Clark v. Clark*, 293 S.C. 415, 416, 361 S.E.2d 328, 328 (1987) ("This requires a litigant to plead the ultimate facts which will be proved at trial . . . ."); *Doe v. Marion*, 361 S.C. 463, 469, 605 S.E.2d 556, 559 (Ct. App. 2004) ("A trial [court] in the civil setting may dismiss a claim when the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court."), *aff'd*, 373 S.C. 390, 645 S.E.2d 245 (2007); *id.* ("[I]n considering a 12(b)(6) motion, the trial court must base its ruling solely upon allegations set forth on the face of the complaint."); *id.* at 470, 605 S.E.2d at 560 ("To sustain an action for negligence, it is essential the plaintiff demonstrate the defendant breached a duty of care owed to the plaintiff."); *id.* ("The existence of a duty owed is a question of law for the courts."); *id.* ("In a negligence action, if no duty exists, the defendant is entitled to judgment as a matter of law."); *id.* at 471, 605 S.E.2d at 560 ("Under South Carolina law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger."); *id.* ("However, when a defendant has the ability to monitor, supervise, and control an individual's conduct, a special relationship exists between the defendant and the individual, and the defendant may have a common law duty to warn potential victims of the individual's dangerous conduct." (quoting *Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998))); *id.* ("This duty to warn arises when the individual has made a *specific threat of harm directed at a specific individual*." (quoting *Bishop*, 331 S.C. at 86, 502 S.E.2d at 81)); *Wright v. PRG Real Estate Mgmt., Inc.*, 413 S.C. 276, 280, 775 S.E.2d 399, 401 (Ct. App. 2015) ("Generally, residential landlords do not owe tenants a duty to protect them from the criminal activity of third parties.").

As to Issue 2: *Marion*, 361 S.C. at 469, 605 S.E.2d at 559 ("[I]n considering a 12(b)(6) motion, the trial court must base its ruling solely upon allegations set forth on the face of the complaint.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.