648 S.E.2d 295

**ASHLEY RIVER PROPERTIES I, LLC;  Emerald Investments, LLC;  and Stuart L. Longman, Appellants,**

**v.**

**ASHLEY RIVER PROPERTIES II, LLC; and Kriti Ripley, LLC, Respondents.**

No. 4260.

Court of Appeals of South Carolina.

Heard June 6, 2007.

Decided June 21, 2007.

---

Richard S. Rosen and Daniel F. Blanchard, III, both of Charleston, for Appellants.

William C. Cleveland, III, and David B. McCormack, both of Charleston, for Respondents.

ANDERSON, J.:

Ashley River Properties I, LLC, Emerald Investments, LLC, and Stuart Longman (collectively "Appellants") appeal the dismissal of their action to vacate or modify an arbitration award previously rendered in New York and to judicially dissolve Ashley River Properties II, LLC, for lack of subject matter jurisdiction. Appellant Longman contends the circuit

court erred in dismissing the causes of action as they pertain to him, because he avers he signed the operating agreement in a limited capacity. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

On December 29, 2003, Longman, Emerald, and Kriti Ripley, LLC ("Kriti") entered into an operating agreement to form Ashley River Properties II, LLC, a South Carolina limited liability company. Emerald retained 70% ownership in the company while Kriti owned the remaining 30%. Longman signed the agreement as Emerald's manager. In addition, he signed personally but in a limited capacity with respect to sections 3.9 (Emerald Member's Representations) and 3.10 (Indemnification).

The cover page to the operating agreement states, *"THIS AGREEMENT IS SUBJECT TO ARBITRATION PURSUANT TO THE SOUTH CAROLINA UNIFORM ARBITRATION ACT, SECTION 15-48-10 ET SEQ. OF THE CODE OF LAWS OF SOUTH CAROLINA."* The agreement contains the following pertinent provisions:

12.4 *Governing Law.* The Agreement shall be governed by and construed in accordance with the laws of the State of South Carolina regardless of the residence or domicile, now or in the future, of any party hereto and notwithstanding any conflicts of laws.

12.5 *Consent to Jurisdiction.* Except as otherwise required by law, *the parties to this Agreement hereby agree that the courts of the State of New York shall have sole and exclusive jurisdiction over any matter arising from the interpretation, purpose, effect, or operation of this Agreement,* and with regard to all matters associated with operation of the Company's business. Except as otherwise required by law, *the parties consent to venue in New York County, New York, and waive any rights they may have to assert jurisdiction or venue in any other court, administrative forum, or other adjudicative body.*

. . . .

12.18 *Arbitration.* Any dispute or controversy arising under or in connection with this Agreement shall be submitted to binding arbitration in accordance with the requirements

of the American Arbitration Association (or successor thereto) (the "AAA"). ***All arbitration proceedings shall be conducted in New York County, New York*** .... The arbitrators shall be directed to apply the governing law of this Agreement in rendering their decision.

(Emphasis added).

In March 2005, Kriti and Ashley River Properties II initiated arbitration proceedings against Longman and Emerald alleging breach of the operating agreement stemming from a development containing a marina and condominiums located in Charleston, South Carolina, known as Ripley Light Yacht Club Marina and Condominiums. Longman objected to his inclusion in the arbitration, asserting that he signed the agreement in limited joinder only.

On July 11, 2005, the New York arbitration panel issued a written order holding it had jurisdiction over Longman. On October 31, 2005, the arbitrators rendered their final arbitration decision, requiring, *inter alia,* that Emerald relinquish its voting rights in Ashley River Properties II and Kriti was to have the right to purchase Emerald's interest in Ashley River Properties II. The order stated: "This Award is in full settlement of all claims and counterclaims submitted in this arbitration. All other claims and counterclaims in this proceeding are denied ... except ones pertaining to a final accounting in connection with the use of Ashley River Properties II, LLC, funds by Emerald and Longman."

Pending the outcome of the arbitration proceeding, Kriti and Ashley River Properties II filed a lawsuit in the United States District Court for the Southern District of New York seeking to enforce the right to control Ashley River Properties II. After the first arbitration award was issued, Emerald filed its own lawsuit in the Southern District of New York contesting whether Kriti made a proper tender for the interest awarded in the first decision from the arbitrators. Both lawsuits were assigned to the same judge. Appellants' New York counsel filed a motion to dismiss the federal action for lack of subject matter jurisdiction. A few days later, Appellants' counsel informed the court the parties had agreed to dismiss the federal court actions with prejudice because of lack of subject matter jurisdiction.

Appellants filed the current action in the Court of Common Pleas for Charleston County on November 9, 2005. An amended complaint was filed on December 30, 2005, seeking to: (1) vacate or modify the arbitration award previously rendered in New York; and (2) judicially dissolve Ashley River Properties II. Additionally, Ashley River Properties I desired a declaration of rights under the operating agreement as a good faith third party purchaser, because it was not a party to the original contract.

The circuit court severed the claims of Ashley River Properties I from the remaining causes of action. Ashley River Properties II and Kriti (collectively "Respondents") moved to dismiss based primarily on the argument that South Carolina courts lack subject matter jurisdiction over the dispute. Respondents asserted that New York courts have exclusive jurisdiction over the dispute pursuant to the law of South Carolina and the operating agreement. The circuit court granted Respondents' motion to dismiss, finding the claims should have been brought in New York. Additionally, the circuit court found the claim to judicially dissolve Ashley River Properties II addressed an issue already decided by the arbitrators and was therefore not properly before the court.

### *STANDARD OF REVIEW*

Under Rule 12(b)(6), SCRCP, a defendant may move for dismissal based on a failure to state facts sufficient to constitute a cause of action. *Flateau v. Harrelson,* 355 S.C. 197, 201, 584 S.E.2d 413, 415 (Ct.App.2003) (citing *Baird v. Charleston County,* 333 S.C. 519, 511 S.E.2d 69 (1999)). A trial judge in the civil setting may dismiss a claim when the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court. *Williams v. Condon,* 347 S.C. 227, 553 S.E.2d 496 (Ct.App.2001). "Generally, in considering a 12(b)(6) motion, the trial court must base its ruling solely upon allegations set forth on the face of the complaint." *Doe v. Marion,* 361 S.C. 463, 469, 605 S.E.2d 556, 559 (Ct.App.2004), aff'd 645 S.E.2d 245, 2007 WL 1321978; *accord Stiles v. Onorato,* 318 S.C. 297, 457 S.E.2d 601 (1995); *see also Brown v. Leverette,* 291 S.C. 364, 353 S.E.2d 697 (1987) (noting trial court must dispose of a motion for failure to state a cause of action based

solely upon the allegations set forth on face of complaint); *Williams*, 347 S.C. at 233, 553 S.E.2d at 499 (finding trial court's ruling on 12(b)(6) motion must be bottomed and premised solely upon allegations set forth by plaintiff).

■■ "A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case." *Flateau*, 355 S.C. at 202, 584 S.E.2d at 415; *see Gentry v. Yonce*, 337 S.C. 1, 522 S.E.2d 137 (1999); *see also Baird*, 333 S.C. at 527, 511 S.E.2d at 73 (declaring that if the facts and inferences drawn from the facts alleged on the complaint would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper); *McCormick v. England*, 328 S.C. 627, 494 S.E.2d 431 (Ct.App.1997) (concluding a motion to dismiss cannot be sustained if the facts alleged in complaint and inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case). In deciding whether the trial court properly granted the motion to dismiss, this court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief. *See Gentry*, 337 S.C. at 5, 522 S.E.2d at 139; *see also Cowart v. Poore*, 337 S.C. 359, 523 S.E.2d 182 (Ct.App.1999) (explaining that looking at facts in light most favorable to plaintiff, and with all doubts resolved in his behalf, the court must consider whether the pleadings articulate any valid claim for relief).

■ The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action. *Toussaint v. Ham*, 292 S.C. 415, 357 S.E.2d 8 (1987). The trial court's grant of a motion to dismiss will be sustained only if the facts alleged in the complaint do not support relief under any theory of law. *Tatum v. Medical Univ. of S. C.*, 346 S.C. 194, 552 S.E.2d 18 (2001); *see also Gray v. State Farm Auto Ins. Co.*, 327 S.C. 646, 491 S.E.2d 272 (Ct.App.1997) (stating motion must be granted if facts and inferences reasonably deducible from them show that plaintiff could not prevail on any theory of the case).

■ "Dismissal of an action pursuant to Rule 12(b)(6) is appealable." *Williams*, 347 S.C. at 233, 553 S.E.2d at 500.

Upon review of a dismissal of an action pursuant to Rule 12(b)(6), the appellate court applies the same standard of review implemented by the trial court. *Id.*

## *LAW/ANALYSIS*

Appellants appeal the dismissal of their action for lack of subject matter jurisdiction. Appellant Longman contends the circuit court erred in dismissing his causes of action because he only signed the operating agreement in a limited capacity and did not consent to arbitration. We disagree.

## I.  Subject Matter Jurisdiction

Notwithstanding their agreement to arbitrate and litigate in New York, Appellants argue that because the parties' arbitration is governed by the South Carolina Uniform Arbitration Act (S.C. Ann. §§ 15–48–10 to–240 (2005)), they may, or must, apply to the courts of South Carolina to modify or vacate the arbitration award.

The South Carolina Uniform Arbitration Act ("the Act") states that agreements to arbitrate are "valid, enforceable, and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." S.C.Code Ann. § 15–48–10(a) (2005). Furthermore, South Carolina policy favors arbitrating disputes. *Towles v. United HealthCare Corp.*, 338 S.C. 29, 34, 524 S.E.2d 839, 842 (Ct.App.1999).

Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 236, 442 S.E.2d 598, 600 (1994). In support of their argument, Appellants cite section 15–48–180 of the South Carolina Code (2005), which states:

The term 'court' means any court of competent jurisdiction of this State. The making of an agreement described in § 15–48–10 providing for arbitration in this State confers jurisdiction on the court to enforce the agreement under this chapter and to enter judgment on an award thereunder. Unless otherwise provided by the arbitration agreement, when a dispute is submitted to arbitration, the arbitrators shall determine questions of both law and fact.

However, nothing in this section confers subject matter jurisdiction to South Carolina courts when, as in the case *sub judice,* the arbitration is held as agreed by the parties in New York. Appellants entered into an agreement unambiguously providing for arbitration in New York, yet now contend that section 15–48–180, by defining the word "court" to mean courts of competent jurisdiction of South Carolina, requires that an arbitration subject to the Act may be reviewed by South Carolina's courts. However, this is **not** what the Act requires. Courts in South Carolina are not courts of competent jurisdiction in the face of an arbitration agreement mandating arbitration in New York.

▮▮▮ Agreements such as the one at issue are construed pursuant to the rules of contract interpretation. *See generally McPherson v. J.E. Sirrine & Co.,* 206 S.C. 183, 33 S.E.2d 501 (1945). The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language. *United Dominion Realty Trust, Inc. v. Wal–Mart Stores, Inc.,* 307 S.C. 102, 105, 413 S.E.2d 866, 868 (Ct.App.1992). If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect. *See id.* When a contract is unambiguous, a court must construe its provisions according to the terms the parties used as understood in their plain, ordinary, and popular sense. *C.A.N. Enter., Inc. v. S.C. Health Human Servs. Fin. Comm'n,* 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988). The forum selection clause contained in section 12.5 of the operating agreement unambiguously provides that the courts of New York shall have sole and exclusive jurisdiction over any matter arising from the operating agreement, which includes those issues litigated in the instant case.

Additionally, section 15–48–230 of the South Carolina Code (2005) provides that the Act is to be interpreted so as to make its application uniform among the states that adopt it. Courts of other states applying the Uniform Arbitration Act to this issue have uniformly held a court's subject matter jurisdiction to consider motions related to arbitration is dependent upon, and arises from, the parties' agreement to conduct the arbitration proceedings in that state. *See Government e-Mgmt. Solutions, Inc. v. Am. Arbitration Ass' n, Inc.,* 142 S.W.3d

857, 861 (Mo.App.2004); *Artrip v. Samons Constr., Inc.*, 54 S.W.3d 169, 171 (Ky.App.2001); *Chicago Southshore South Bend R.R. v. N. Indiana Commuter Transp. Dist.*, 184 Ill.2d 151, 234 Ill.Dec. 395, 703 N.E.2d 7, 9 (1998); *Tru Green Corp. v. Sampson*, 802 S.W.2d 951, 953 (Ky.App.1991). Accordingly, applying both the plain language of the Act and the cases of other states interpreting similar provisions, South Carolina courts do not have subject matter jurisdiction to consider a motion to review an arbitration award issued in a proceeding conducted in New York pursuant to the parties' written agreement.

Appellants contend section 15–7–120 of the South Carolina Code (2005) stipulates that contracts that purport to divest South Carolina courts of jurisdiction over matters otherwise within their jurisdiction are unenforceable as a matter of law. Section 15–7–120(A) provides:

Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

However, to the extent that this section is construed to invalidate the parties' specification as to which court may vacate, modify, or confirm their arbitration award, such a construction would directly conflict with the Federal Arbitration Act, 9 U.S.C. § 9. The Federal Arbitration Act ("the FAA") expressly states that review of an award will be conducted by the court specified by the parties' agreement. As the Supreme Court of the United States noted in *Volt Info. Sciences, Inc. v. Board of Trustees of Stanford Junior University*, 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), "[t]he FAA was designed to 'overrule the judiciary's long-standing refusal to enforce agreements to arbitrate.'" The FAA requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms. Id. Furthermore, this court has held when section 15–7–120 and the FAA conflict, the FAA preempts and section 15–7–120 is unenforceable. *Tritech Elec. v. Hall,* 343 S.C. 396, 400, 540 S.E.2d 864, 866 (Ct.App.2000). Because the

current lawsuit brought by Appellants clearly conflicts with the FAA's policy that review be conducted by the court specified in the agreement, section 15–7–120 is preempted. Accordingly, the parties' agreement designating New York as the forum in which the parties may litigate is valid and enforceable and requires Appellants to proceed in New York to modify, vacate, or confirm the arbitration award.[1]

## II. Longman's Claim

Longman contends that because he signed the operating agreement in limited joinder only as to Section 3.9 and 3.10, the circuit court erred in dismissing his causes of action. Longman argues the circuit court's severing of Ashley River Properties I's claims and allowing them to proceed supports his position that the circuit court should have found he was not a part of the operating agreement.

However, the circuit court's severing of Ashley River Properties I's claims is not inconsistent with its dismissal of Emerald and Longman's claims. There is no disputation that: (1) Emerald was a party to the arbitration proceeding and a signatory to the operating agreement; and (2) Longman signed the operating agreement and was specifically adjudicated by the arbitration panel to be subject to, and a party in, the arbitration proceeding. Ashley River Properties I did not sign the operating agreement and was not expressly ruled by the arbitration panel to be a party to the proceedings. Furthermore, by severing Ashley River Properties I's claims, the circuit court has not ruled on the claims; it simply has not dismissed them. The circuit court did not err in dismissing Longman's claims while severing and keeping Ashley River Properties I's claims.

---

1. Additionally, Appellants argue Emerald's claims to judicially dissolve Ashley River Properties II should not have been dismissed because a South Carolina court must entertain a lawsuit to judicially dissolve a South Carolina limited liability company. However, the arbitration award gave Kriti the right to acquire all of Emerald's interest in Ashley River Properties II. Therefore, unless the arbitration award is overturned, Emerald has no standing to seek judicial dissolution of the business.

## *CONCLUSION*

We hold that South Carolina does ***not*** have subject matter jurisdiction of an arbitration appeal from a decision by a New York arbitration panel where the parties signed a written agreement consenting to jurisdiction for New York courts in all arbitration proceedings. Based upon the foregoing, the circuit court did not err in dismissing Appellants' cause of action for lack of subject matter jurisdiction. Additionally, Longman's claims were properly dismissed as they too lacked subject matter jurisdiction. Accordingly, the circuit court's order is

**AFFIRMED.**

HUFF and BEATTY, JJ., concur.