**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

R. Jay Lagroon, Appellant,

v.

Crystal Suggs and Scott Suggs, Respondents.

Appellate Case No. 2019-002018

Appeal From McCormick County
J. Cordell Maddox, Jr., Circuit Court Judge
Debra R. McCaslin, Circuit Court Judge

Unpublished Opinion No. 2022-UP-335
Submitted June 1, 2022 – Filed August 10, 2022

**AFFIRMED IN PART AND DISMISSED IN PART**

R. Jay Lagroon, of McCormick, pro se.

Billy J. Garrett, Jr., of The Garrett Law Firm, PC, of Greenwood, for Respondent Crystal Suggs.

Robert Jamison Tinsley, Jr., of Greenwood, for Respondent Scott Suggs.

**PER CURIAM:** In this consolidated appeal, R. Jay Lagroon appeals two orders of the circuit court—one dismissing his causes of action for intentional infliction of

emotional distress (IIED) and civil conspiracy and one granting Crystal and Scott Suggs' (the Suggses) joint motion to compel discovery. On appeal, Lagroon argues the circuit court erred in granting the Suggses' motions to dismiss the IIED and civil conspiracy claims pursuant to Rule 12(b)(6), SCRCP, and in granting the Suggses' motion to compel and awarding them $500 in costs. We affirm in part and dismiss in part pursuant to Rule 220(b), SCACR, and the following authorities:

1. We hold the circuit court properly dismissed Lagroon's cause of action for IIED. *See Ashley River Properties I, LLC v. Ashley River Properties II, LLC*, 374 S.C. 271, 277, 648 S.E.2d 295, 298 (Ct. App. 2007) ("Under Rule 12(b)(6), SCRCP, a defendant may move for dismissal based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("Generally, in considering a 12(b)(6) motion, the trial court must base its ruling solely upon allegations set forth on the face of the complaint." (quoting *Doe v. Marion*, 361 S.C. 463, 469, 605 S.E.2d 556, 559 (Ct. App. 2004), *aff'd*, 373 S.C. 390 (2007))); *id.* at 278, 648 S.E.2d at 298 ("In deciding whether the trial court properly granted the motion to dismiss, this court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief." (quoting *Flateau v. Harrleson*, 355 S.C. 197, 202, 584 S.E.2d 413, 415 (Ct. App. 2003))); *id.* ("A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case."); *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 356, 650 S.E.2d 68, 70 (2007) (explaining that in order to state a claim for IIED, the party must establish "(1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct; (2) the conduct was so 'extreme and outrageous' so as to exceed 'all possible bounds of decency' and must be regarded as 'atrocious, and utterly intolerable in a civilized community;' (3) the actions of the defendant caused plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was 'severe' such that 'no reasonable man could be expected to endure it.'" (quoting *Ford v. Hutson*, 276 S.C. 157, 162, 276 S.E.2d 776, 778 (1981))); *Upchurch v. N.Y. Times Co.*, 314 S.C. 531, 536, 431 S.E.2d 558, 561 (1993) ("It is not enough that the conduct is intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware."); *Hansson*, 374 S.C. at 358, 650 S.E.2d at 72 ("Under the heightened standard of proof for emotional distress claims . . . , a party cannot establish a prima facie claim for damages resulting from a defendant's tortious conduct with mere bald assertions."); *id.* ("To permit a plaintiff to legitimately state a cause of action by simply alleging, 'I suffered emotional distress' would be irreconcilable with . . . the law in this area.").

Additionally, Lagroon's argument that the circuit court erred in failing to convert the Suggses' motions to dismiss to motions for summary judgment is not preserved for appellate review because Lagroon raised it for the first time in his reply brief. *See State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991) ("Generally, this [c]ourt will not consider issues not raised to or ruled upon by the trial [court]."); *Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use . . . the reply brief as a vehicle to argue issues not argued in the appellant's brief.").

2. We hold the circuit court properly dismissed Lagroon's cause of action for civil conspiracy. *See Ashley River Properties*, 374 S.C. at 277, 648 S.E.2d at 298 ("Under Rule 12(b)(6), SCRCP, a defendant may move for dismissal based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("Generally, in considering a 12(b)(6) motion, the trial court must base its ruling solely upon allegations set forth on the face of the complaint." (quoting *Marion*, 361 S.C. at 469, 605 S.E.2d at 559)); *id.* at 278, 648 S.E.2d at 298 ("In deciding whether the trial court properly granted the motion to dismiss, this court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief." (quoting *Flateau*, 355 S.C. at 202, 584 S.E.2d at 415)); *id.* ("A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case."); *Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 577, 861 S.E.2d 774, 781 (2021) (overruling the previous civil conspiracy framework but stating cases on appeal that were decided before *Paradis* will be reviewed using the analysis set forth in *Todd v. South Carolina Farm Bureau Mutual Insurance Company*, 276 S.C. 284, 278 S.E.2d 607 (1981), and its progeny); *id.* at 573, 861 S.E.2d at 779 (explaining a plaintiff asserting a civil conspiracy claim under *Todd* "must allege acts in furtherance of the conspiracy" separate and distinct from the acts supporting other causes of action); *Todd*, 276 S.C. at 293, 278 S.E.2d at 611 ("Where the particular acts charged as a conspiracy are the same as those relied on as the tortious act or actionable wrong, plaintiff cannot recover damages for such act or wrong, and recover likewise on the conspiracy to do the act or wrong.").

3. We hold the issue of whether the circuit court abused its discretion by granting the Suggses' motion to compel and awarding $500 in costs is not appealable because the order is interlocutory. *See Grosshuesch v. Cramer*, 377 S.C. 12, 30, 659 S.E.2d 112, 122 (2008) ("[D]iscovery orders, in general, are interlocutory and are not immediately appealable because they do not, within the meaning of the

appealability statute, involve the merits of the action or affect a substantial right."). We therefore dismiss the appeal as to this issue.

**AFFIRMED IN PART AND DISMISSED IN PART.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.