# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Aracelis Santos, Appellant,

v.

Harris Investment Holdings, LLC, City of Hanahan, City of Hanahan Police Department, John Doe #1 and John Doe #2, employees of the City of Hanahan Police Department, Defendants,

of which

Harris Investment Holdings, LLC is the Respondent.

Appellate Case No. 2021-000768

---

Appeal From Berkeley County
Bentley Price, Circuit Court Judge

---

Opinion No. 5964
Heard December 6, 2022 – Filed January 25, 2023

---

**AFFIRMED**

---

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA, of Charleston, for Appellant.

Merritt Gordon Abney and Olesya Vaskevich Bracey, both of Nelson Mullins Riley & Scarborough, LLP; and Stafford John McQuillin, III, of Haynsworth Sinkler Boyd, PA, all of Charleston, all for Respondent.

---

**WILLIAMS, C.J.:**  In this appeal, Aracelis Santos argues the circuit court erred in granting Harris Investment Holdings, LLC's (HIH) motion to dismiss Santos's complaint pursuant to Rule 12(b)(6), SCRCP.  We affirm.

## FACTS/PROCEDURAL HISTORY

In this landlord-tenant dispute, Santos rented a commercial space (the Property) from HIH.  Pursuant to the lease agreement between the parties, the lease term began on December 1, 2015, and terminated on November 30, 2018.  The lease agreement contained no option for renewal and included the following provisions.

> Tenant *shall surrender* to Landlord, *at the end of the term of this lease* or upon cancellation of this lease, said Premises broom clean and in as good condition as the Premises were at the beginning of the term of this lease, . . . .  If Tenant remains in possession of the Premises or any part thereof after the expiration of the Agreement, such holdover places the Tenant in default and the Monthly Base Rental shall be increased to one hundred fifty percent (150%) . . . .

(emphases added).

> *It is understood and agreed that any merchandise, fixtures, furniture, or equipment left in the Premises* when Tenant vacates shall be deemed to have been *abandoned by Tenant* and by such abandonment, Tenant *relinquishes any right or interest therein and Landlord is authorized to sell, dispose of or destroy [the] same*.

(emphases added).

> If Tenant fails to pay Monthly Base Rental including Additional Rent . . . this Agreement shall be in default. . . .  In the event of any such default or breach of performance, the Landlord without any further notice or demand of any kind to the Tenant, may terminate this lease and *re-enter and forthwith repossess the entire Premises and without being liable for trespass or damage* . . . .

(emphasis added).

Santos operated a nightclub on the Property called "El Alamo." In November 2016, HIH filed an action seeking the ejectment of Santos from the Property after receiving reports of criminal activity at El Alamo. The magistrate granted the application for ejectment and awarded HIH attorney's fees. Santos subsequently appealed to the circuit court, which issued a bond order staying the appeal of the ejectment action. Santos posted bond and continued to occupy the premises.

While the ejectment appeal was still pending before the circuit court, the lease term expired. A month prior to the expiration of the lease, on October 16, 2018, HIH sent Santos a notice directing her to vacate the Property. It stated:

> Please be advised the lease for El Alamo expires according to its terms at midnight on November 30, 2018. You are hereby directed to vacate the premises with all of your belongings before midnight on November 30, 2018, or else we will take further legal action against you and your belongings may be removed from the premises.

Santos did not vacate the premises and continued to occupy the Property in violation of the lease agreement. On February 26, 2019, HIH again sent a letter to Santos instructing her to vacate the Property. It stated:

> As you are aware, the lease for El Alamo expired according to its terms on November 30, 2018, and I have previously directed your client to vacate the premises by that date. Your client has refused to vacate in violation of the terms of the Lease and is trespassing on my client's property by remaining beyond the Lease term.
>
> The purpose of this letter is to notify you that engineers recently identified asbestos in the premises, and [DHEC] is requiring that the building be cleared in connection with the mandatory remediation process. Remediation of the premises will begin on or about March 1, 2019. Your client is hereby directed to vacate and remove all of her personal property from the premises by that date. Once

the remediation process begins, no access will be
permitted to the premises for any reason.

After Santos failed to vacate the premises, HIH retook possession of the Property.
HIH subsequently demolished the Property on March 22, 2019. Police officers of
the City of Hanahan were present at the time of demolition.

On June 6, 2019, the circuit court affirmed the magistrate's order of ejectment.
Santos appealed to this court; however, she only appealed the magistrate's award of
attorney's fees to HIH.

On March 21, 2021, Santos filed this action, asserting HIH wrongfully repossessed
and destroyed the Property and conspired with the City of Hanahan in doing so.
HIH filed a motion to dismiss the action pursuant to Rule 12(b)(6), SCRCP.
Following a hearing, the circuit court granted HIH's motion to dismiss via Form 4
order. Santos filed a motion to reconsider pursuant to Rule 59(e), SCRCP, which
the circuit court denied. This appeal followed.

**ISSUE ON APPEAL**

Did the circuit court err in granting HIH's motion to dismiss Santos's complaint
pursuant to Rule 12(b)(6), SCRCP?

**STANDARD OF REVIEW**

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate
court applies the same standard of review as the trial court." *Rydde v. Morris*, 381
S.C. 643, 646, 675 S.E.2d 431, 433 (2009). "That standard requires the Court to
construe the complaint in a light most favorable to the nonmovant and determine if
the 'facts alleged and the inferences reasonably deducible from the pleadings would
entitle the plaintiff to relief on any theory of the case.'" *Hager v. McCabe, Trotter
& Beverly, P.C.*, 435 S.C. 740, 746, 869 S.E.2d 886, 889 (Ct. App. 2022) (quoting
*Morris*, 381 S.C. at 646, 675 S.E.2d at 433). "If the facts and inferences would
entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for
failure to state a claim is improper." *Id.*

**LAW/ANALYSIS**

We find the circuit court properly acted within its discretion when granting HIH's
motion to dismiss via a Form 4 order, and Santos's assertions to the contrary are

unpersuasive. "Under Rule 12(b)(6), SCRCP, a defendant may move for dismissal based on a failure to state facts sufficient to constitute a cause of action." *Ashley River Props. I, LLC v. Ashley River Props. II, LLC*, 374 S.C. 271, 277, 648 S.E.2d 295, 298 (Ct. App. 2007). Rule 52(a), SCRCP provides:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; . . . . If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. *Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).*

Rule 52(a) (emphasis added). Thus, the circuit court was not required to include specific findings of fact and conclusions of law in its order granting HIH's 12(b)(6) motion. *See Kinghorn as Tr. for the Mildred Ann Kinghorn Tr. dated 28 Apr. 2004 v. Sakakini*, 426 S.C. 147, 151, 825 S.E.2d 748, 750 (Ct. App. 2019) (finding Rule 52(a), SCRCP does not require the circuit court "to state its findings of fact and conclusions of law in decisions on motions to dismiss, summary judgment motions, or any other motion except those dealing with involuntary dismissal"); *Woodson v. DLI Props., LLC*, 406 S.C. 517, 527, 753 S.E.2d 428, 433 (2014) ("Rule 52, SCRCP, provides that '[f]indings of facts and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 . . . .' Thus, such findings and conclusions are not required for appellate review." (alteration in original) (quoting Rule 52(a), SCRCP)); *Borg Warner Acceptance Corp. v. Darby*, 296 S.C. 275, 279, 372 S.E.2d 99, 101–02 (Ct. App. 1988) (holding Rule 52(a)'s requirement that a court in an action tried without a jury "find the facts specially and state separately its conclusions of law thereon" was "merely directory and provide[d] no basis for invalidating a judgment"). Although Santos contends the court infringed upon her procedural due process rights by failing to delineate its findings in the order, this argument lacks merit as the parties provided an ample record allowing this court to conduct meaningful appellate review. *See Porter v. Labor Depot*, 372 S.C. 560, 568, 643 S.E.2d 96, 100 (Ct. App. 2007) (stating "not all situations require a detailed order, and the [circuit] court's form order may be sufficient if the appellate court can ascertain the basis for the circuit court's ruling from the record on appeal"); *Easterling v. Burger King Corp.*, 416 S.C. 437, 453, 786 S.E.2d 443, 452 (Ct. App. 2016) (disagreeing with the argument that the

appellate court was "'unable to ascertain the basis behind the circuit court's order' because the circuit court ruled upon the motion for summary judgment via Form 4 order" and finding "the parties provided an ample record for [the appellate] court to conduct meaningful appellate review").

Further, contrary to Santos's assertions, the circuit court applied the appropriate standard of review when ruling on HIH's 12(b)(6) motion. *See Hager*, 435 S.C. at 746, 869 S.E.2d at 889 (providing that when considering a Rule 12(b)(6) motion, the circuit court must "construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case'" (quoting *Rydde*, 381 S.C. at 646, 675 S.E.2d at 433)). Here, Santos's complaint solely challenged HIH's actions following the expiration of their commercial lease agreement. Specifically, Santos argues HIH wrongfully repossessed and destroyed the commercial premises she was previously renting. Therefore, on its face, Santos's complaint fails to state a cognizable claim as she had no legal right to continue to occupy the premises.[1,2] Although Santos contends the order staying the appeal of HIH's ejectment action allowed her to continue to occupy the premises, this argument is without merit. Once the lease term expired, the ejectment action became moot.

As to Santos's assertion that it was improper for the circuit court to dismiss the case with prejudice without allowing her the opportunity to amend her complaint, we find any amendment by Santos would have been futile as the entire premise for her complaint does not warrant relief and she failed to allege additional facts in her Rule 59(e), SCRCP, motion to support the allegations in her pleading. *See Ashley River Props.*, 374 S.C. at 278, 648 S.E.2d at 298 ("In deciding whether the [circuit]

---

[1] The circuit court properly considered the language of the lease agreement when making its determination. *See Brazell v. Windsor*, 384 S.C. 512, 516, 682 S.E.2d 824, 826 (2009) (providing that when considering a Rule 12(b)(6) motion, a court may consider documents referenced in or attached to the complaint); *id.* ("In our view, allowing a trial court to consider documents that are incorporated by reference in the complaint but not actually attached thereto prevents a plaintiff from benefiting from his own oversight or from surviving a motion to dismiss by intentionally omitting documents upon which their claims are based.").

[2] HIH sent multiple letters instructing Santos to vacate the Property and remove any possessions, and she failed to do so. Thus, she assumed the risk of damage to her property by failing to remove it from the premises more than four months after the expiration of the lease.

court properly granted the motion to dismiss, [the appellate] court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 185, 192, 826 S.E.2d 585, 590, 594 (2019) (providing a circuit court does not err in granting a Rule 12(b)(6) motion without granting leave to amend the complaint if such an amendment would be futile). Moreover, Santos never moved to amend her complaint pursuant to Rule 15, SCRCP; she merely stated she would be ready to amend her complaint upon the court's request or finding that the complaint was deficient. Even assuming arguendo the circuit court erred in dismissing Santos's complaint, this court can still affirm the dismissal. *See Spence v. Spence*, 368 S.C. 106, 130–31, 628 S.E.2d 869, 882 (2006) ("On the other hand, when a complaint is dismissed with prejudice and the plaintiff erroneously is denied the opportunity to file and serve an amended complaint, but the plaintiff fails to present additional factual allegations or a different theory of recovery which may give rise to a claim upon which relief may be granted, the appellate court may in its discretion affirm the dismissal of the complaint with prejudice."). Accordingly, we affirm the circuit court's dismissal of Santos's action with prejudice.

**AFFIRMED.**

**THOMAS, J., and LOCKEMY, A.J., concur.**