**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Human Affairs Commission, Appellant,

v.

Yacht Cove Owners Association, Inc., and Maria Dehart, Respondents.

Appellate Case No. 2022-000133

Appeal From Lexington County
H. Steven DeBerry, IV, Circuit Court Judge

Unpublished Opinion No. 2024-UP-038
Heard December 6, 2023 – Filed January 31, 2024

**AFFIRMED**

Caroline Scrantom, of the South Carolina Human Affairs Commission, of Columbia, for Appellant.

Eugene Hamilton Matthews, of Richardson Plowden & Robinson, PA, of Columbia, for Respondents.

**PER CURIAM:** The South Carolina Human Affairs Commission (the Commission), on behalf of Charles and Patricia Rentz (the Rentzes), appeals the circuit court's dismissal of Maria Dehart pursuant to Rule 12(b)(6), SCRCP. On appeal, the Commission argues the circuit court erred in finding Dehart was

immune from suit under section 33-31-834 of the South Carolina Code (2006). We affirm.

We hold the circuit court did not err in dismissing Dehart pursuant to section 33-31-834's immunity provision. *See Ashley River Props. I, LLC v. Ashley River Props. II, LLC*, 374 S.C. 271, 278, 648 S.E.2d 295, 298 (Ct. App. 2007) ("In deciding whether the [circuit] court properly granted the motion to dismiss, this court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *id.* ("The [circuit] court's grant of a motion to dismiss will be sustained only if the facts alleged in the complaint do not support relief under any theory of law."). We hold Dehart's actions as board chair for Yacht Cove Owners Association, Inc. (Yacht Cove), a nonprofit organization, arose from the conduct of Yacht Cove's affairs, in alignment with her board duties, and did not amount to wilful, wanton, or gross negligence as to deprive her of immunity under the statute. *See* § 33-31-834(a) (stating "immunity from suit is removed when the conduct amounts to wilful, wanton, or gross negligence"); § 33-31-834(a) to (b)(2) (stating board members of nonprofit organizations recognized as having 501(c)(3), (c)(6), or (c)(12) tax status are immune from suit arising from the affairs of their organization). Further, we acknowledge Dehart's individual dismissal does not leave the Rentzes without remedy as they may still seek damages against Yacht Cove.

**AFFIRMED.**

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**