**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andrew Pampu, Amanda Pampu, and John Pampu,
Appellants,

v.

Clawson Fargnoli, LLC, Samuel R. Clawson, Jr., Esq.,
Christina R. Fargnoli, Esq., Barrett R. Brewer, Esq., and
Brewer Law Firm, LLC; Respondents.

Appellate Case No. 2023-001779

Appeal From Charleston County
Edgar Warren Dickson, Circuit Court Judge

Unpublished Opinion No. 2025-UP-272
Heard March 6, 2025 – Filed July 30, 2025

**AFFIRMED IN PART AND REVERSED IN PART**

Thomas A. Pendarvis, of Pendarvis Law Offices, PC, of
Beaufort, for Appellants.

James M. Dedman, IV and Emily Elizabeth Seaton, both
of Gallivan White & Boyd, P.A., of Charlotte, for
Respondents Clawson Fargnoli, LLC, Samuel Richard
Clawson, Jr., and Christina Raw Fargnoli.

Robert Bruce Wallace, of Maynard Nexsen, LLC, of Charleston, for Respondents Brewer Law Firm, LLC and Barrett Ray Brewer.

_____

**PER CURIAM:**  Andrew Pampu, Amanda Pampu, and John Pampu (collectively, Appellants) appeal the circuit court's order dismissing their claims for legal professional negligence, breach of fiduciary duty, and breach of contract pursuant to Rule 12(b)(6), SCRCP.

1. Appellants argue the circuit court erred by dismissing their claim for legal professional negligence.  Additionally, Appellants argue the circuit court erred in finding their required expert affidavit untimely and insufficient.  We agree.

We hold Appellants' complaint sufficiently alleged facts to support a cause of action for legal professional negligence and the circuit court erred in dismissing it. *See Ashley River Properties I, LLC v. Ashley River Properties II, LLC*, 374 S.C. 271, 279, 648 S.E.2d 295, 298 (Ct. App. 2007) ("Upon review of a dismissal of an action pursuant to Rule 12(b)(6), the appellate court applies the same standard of review implemented by the trial court."); *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper."); *id.* at 395, 645 S.E.2d at 247 ("The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action.").  Appellants' complaint alleged Respondents permitted Andrew to sign a settlement agreement that failed to address his academic records; did not meet key objectives of the litigation; and failed to explain the settlement agreement to Andrew and ensure he understood its implications, discovery deficiencies, and the disclosure of materials related to their representation.  *See RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331, 732 S.E.2d 166, 170 (2012) ("A plaintiff in a legal malpractice action must establish four elements: (1) the existence of an attorney-client relationship, (2) a breach of duty by the attorney, (3) damage to the client, and (4) proximate causation of the client's damages by the breach.").

We hold Appellants' expert affidavit was timely filed and sufficient.  Appellants' original complaint cited section 15-36-100(C)(1) of the South Carolina Code

(Supp. 2024) and stated Appellants would file an amended complaint with the required affidavit within forty-five days.  Additionally, Appellants' second amended complaint alleged the affidavit could not be prepared prior to the expiration of the statute of limitations due to time constraints.  We find this adequately met section 15-36-100(C)(1)'s exception to the filing requirement.  *See* S.C. Code Ann. § 15-36-100(B) (Supp. 2024) (requiring in an action for legal malpractice, the contemporaneous filing with the complaint of "an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit"); § 15-36-100(C)(1) ("The contemporaneous filing requirement of subsection (B) does not apply to any case in which the period of limitation will expire . . . within ten days of the date of filing and, because of the time constraints, the plaintiff alleges that an affidavit of an expert could not be prepared.").  Additionally, Appellants' expert testified in his affidavit that he had extensive experience litigating and writing about Title IX cases involving universities across the country.  Appellants' legal malpractice claim concerns inadequate representation during Appellants' Title IX litigation against Clemson University; thus, we find the affidavit is sufficient under the statute.  *See* S.C. Code Ann. § 15-36-100(A) (Supp. 2024) (stating an "expert witness" is one "who is qualified as to the acceptable conduct of the professional whose conduct is at issue and who . . . has actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given as the result of having been regularly engaged in . . . the active practice of the area of specialty of his or her profession for at least three of the last five years immediately preceding the opinion").

2. Appellants argue the circuit court erred by dismissing their claim for breach of fiduciary duty.  We hold Appellants' claim for breach of fiduciary duty is duplicative and arises from the same set of facts as their claim for legal malpractice; thus, the circuit court did not err in dismissing it.  *See RFT Mgmt. Co.*, 399 S.C. at 335–37, 732 S.E.2d at 173 (2012) (holding a breach of fiduciary duty claim was duplicative of a legal malpractice claim and failed as a matter of law because the client's claim for breach of fiduciary duty arose out of the duty inherent in the attorney-client relationship and the same factual allegations).

3. Appellants argue the circuit court erred by dismissing their claim for breach of contract.  They contend the circuit court erred in finding Amanda and John Pampu, Andrew's parents, lacked standing.  We disagree.  Andrew's parents were not parties to the underlying federal or state lawsuits.  Only Andrew was named as a party and signed the settlement agreement, thus, we find only Andrew can bring a

claim against Respondents for any actions arising out of the federal or state lawsuit. *See Sloan v. Greenville County*, 356 S.C. 531, 547, 590 S.E.2d 338, 347 (Ct. App. 2003) ("A plaintiff must have standing to institute an action."); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) ("Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." (quoting *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008))); *Sloan*, 356 S.C. at 547, 590 S.E.2d at 347 ("To have standing . . . one must be a real party in interest. A real party in interest is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action." (omission in original) (quoting *Charleston Cnty. Sch. Dist. v. Charleston Cnty. Election Comm'n*, 336 S.C. 174, 181, 519 S.E.2d 567, 571 (1999))). Further, we hold the circuit court did not err in dismissing Appellants' breach of contract claim. Appellants' complaint fails to allege how Respondents breached any agreement. The complaint only states that Respondents "fail[ed] to provide such services." *See Doe*, 373 S.C. at 395, 645 S.E.2d at 247 ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491, 732 S.E.2d 205, 209 (Ct. App. 2012) ("The elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach.").

4. Appellants argue the circuit court's last ground for dismissing the complaint, which is that it violates public policy, is an improper ground for dismissal under Rule 12(b)(6). *See Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 180, 826 S.E.2d 585, 587 (2019) ("Rule 12(b)(6) permits the trial court to address the sufficiency of a pleading stating a claim; it is not a vehicle for addressing the underlying merits of the claim."). In any event, holding attorneys accountable for unprofessional conduct during a mediation is not a public policy violation. Therefore, it is not surprising that the circuit court cited no specific authority for such a proposition. We agree with Pampu that Rule 8(c)(3), SCADR contemplates legal malpractice lawsuits for "professional malpractice occurring during the mediation" and this provision would not exist if public policy did not permit malpractice suits for attorney conduct during a mediation. Rule 8(c)(3) states, "There is no confidentiality attached to information that is disclosed during a mediation . . . offered to report, prove, or disprove professional malpractice occurring during the mediation, solely for the purpose of the professional malpractice proceeding."

Respondents cite to Rule 8(g), SCADR and Rule 16.10(E) of the Local Civil Rules for the United States District Court for the District of South Carolina to support their argument that a legal malpractice suit for attorney conduct during a mediation violates public policy "because the mediator would be the key witness" and because these rules prohibit calling the mediator as a witness or compelling the production of records received or created by the mediator.  However, these provisions do not prohibit the introduction of any other information disclosed during the mediation for purposes of a professional malpractice proceeding, and they do not otherwise diminish the force of Rule 8(c)(3) or the clear inference that this rule contemplates legal malpractice lawsuits for professional malpractice occurring during the mediation.  Therefore, we find Respondents' argument neither persuasive nor credible.

**AFFIRMED IN PART AND REVERSED IN PART.**

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**